## LION MFG. CORPORATION v. CHICAGO FLEXIBLE SHAFT CO. et al.
### No. 6844.

Circuit Court of Appeals, Seventh Circuit.
Sept. 13, 1939.

---

Charles L. Byron, George L. Wilkinson, and John A. Russell, all of Chicago, Ill., for appellant.

Ira J. Wilson, of Chicago, Ill., and John F. McCanna, of Rockford, Ill., for appellees.

Before MAJOR, TREANOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a decree dismissing plaintiff's bill of complaint for want of equity, and granting to defendants certain relief prayed for in their answer and counterclaim, considered by the court as a cross bill.

The bill of complaint alleged a cause of action in the nature of one for specific performance. It was alleged that the defendant Bruecker, on the 29th day of August, 1936, filed in the Patent Office of the United States his application for Letters Patent on an electric shaver invented by him; that he duly complied with the law in reference thereto and that, on the 25th day of May, 1937, United States Patent No. 2,081,694, covering said invention, was issued to him. It was alleged that the defendant Bruecker perfected said invention while employed by the plaintiff for such purpose, and that, as a result thereof, the patent was issued and held by Bruecker as trustee for the plaintiff and that the plaintiff became and was the equitable owner thereof. It was further alleged that, the defendant Bruecker, after leaving the employment of the plaintiff,

entered the employment of the defendant Chicago Flexible Shaft Company, and that the latter, with knowledge of plaintiff's equitable right and title to said invention, violated plaintiff's rights by the manufacture and sale of electric shavers embodying the said invention. The bill prayed for an injunction enjoining the defendants from the manufacture and sale of said electric shavers; that the defendant Bruecker be required to assign to plaintiff legal title to the patent and all rights pertinent thereto, and that the defendants be required to account for profits and damages sustained by the plaintiff by reason of the alleged infringement. The defendants, in their answer and counterclaim, admitted the issuance of the patent to the defendant Bruecker; claimed that the defendant Chicago Flexible Shaft Company, since the date of the issuance of the patent, was and is the exclusive licensee thereunder; denied that the plaintiff acquired any title, legal, equitable or otherwise in said patent and denied infringement.

Plaintiff, in its answer to defendants' counterclaim reasserted that the patent issued to Bruecker was held by him as trustee for plaintiff. The answer also alleged that plaintiff had expended large sums of money for installing equipment for the manufacture of electric shavers made in accordance with the invention described in said patent and was ready and equipped to supply the trade and public with electric shavers embodying such invention. The novelty of the invention was conceded.

We are confronted with the question of the court's jurisdiction to entertain the bill of complaint, raised here for the first time. Each of the corporate parties is an Illinois corporation, and the defendant Bruecker is a citizen of Illinois. Federal jurisdiction is claimed in the bill on the ground that—"this action is brought for infringement of certain Letters Patent of the United States of America, jurisdiction being based upon the Patent Laws of the United States and on the right of injunctive relief thereunder."

It is apparent that if jurisdiction be found, it must be by reason of paragraph 7, section 41, Title 28, U.S.C.A., which confers jurisdiction upon the Federal Courts "of all suits at law or in equity arising under the patent * * * laws."

Plaintiff argues that the primary relief sought by its bill is an injunction and an accounting for infringement of the patent, the legal title to which is held by Bruecker as trustee for the plaintiff. It states: "* * * The corporate defendant through the cooperation of the defendant Bruecker, is infringing the patent in suit. This suit is primarily one for patent infringement and for injunctive relief, and the recovery of profits and damages. Incidentally, it is for an assignment of the patent in suit which is held in trust for plaintiff by the infringing defendants."

On the other hand, it is argued by the defendants that the primary purpose of the bill is to compel an assignment to plaintiff of the legal title to said patent and that the injunctive and accounting relief sought is in consequence of a decree ordering a transfer of title. Their position is thus stated: "* * * No ground for an injunction or an accounting exists or is set forth in the bill, unless and until the alleged implied contract to assign is enforced. Whether an assignment of the patent to plaintiff should be ordered in a court of chancery or not depends entirely upon the rules and principles of equity, and in no degree whatever upon any Act of Congress concerning patent rights." That the primary and controlling purpose of the bill was to compel an assignment of the legal title of the patent, by the defendants to the plaintiff, seems so certain as not to admit of serious dispute. The other relief sought was dependent thereon. The injunctive process of the court could not be invoked nor the claim of infringement maintained until and unless the plaintiff was entitled to and acquired legal title. True, plaintiff asserted its right to such title, but such assertion was appropriately denied. It follows that the issue thus made must be determined in favor of the plaintiff prior to the granting of the other relief sought. This being the situation, we think it is plain, under the authority of Luckett v. Delpark, 270 U.S. 496, 46 S.Ct. 397, 402, 70 L.Ed. 703, that the bill of complaint failed to state a cause of action "arising under the patent laws" and that the District Court was without jurisdiction. In the Luckett case, the court reviewed numerous authorities involving jurisdiction, including that of Wilson v. Sandford, 10 How. 99, 13 L.Ed. 344. On page 504 of 270 U.S., on page 399 of 46 S.Ct., 70 L.Ed. 703, the court said: "In the common feature of Wilson v. Sandford and the case before us, jurisdiction

fails because the complainant in his bill seeks forfeiture of licensed rights in equity before he can rely on the patent laws to enjoin infringement of his patent rights and obtain damages therefor. There has been no variation from the authority and effect of the case cited on this point." (Citing cases.)

The facts in the instant case are stronger against jurisdiction than those in the Luckett case. There the plaintiff was the one who originally owned the legal title to the patent, but had granted a license to the defendant. Here, the legal title to the patent was at no time in the plaintiff, and it was entitled to no relief prior to its acquirement. The plaintiff relies strongly on the statement of the court in the Luckett case, where, 270 U.S. on page 510, 46 S.Ct. on page 401, 70 L.Ed. 703, it said: "The result of these cases is that a federal district court is held to have jurisdiction of a suit by a patentee for an injunction against infringement and for profits and damages, even though in anticipation of a defense of a license or authority to use the patent, the complainant includes in his bill averments intended to defeat such a defense." It argues that the allegations in the bill with reference to the employment by it of the defendant Bruecker, and its acquirement thereby of the equitable title to the patent, were made in anticipation of the defense that the plaintiff was without title. This argument is not tenable for the reason that such an allegation was of an affirmative rather than a negative character, and necessarily so. Otherwise, the bill would not have disclosed any right or title in the patent by the plaintiff.

The case of Littlefield v. Perry, 21 Wall. 205, 88 U.S. 205, 22 L.Ed. 577, relied upon by the plaintiff is distinguished by the court in Luckett v. Delpark, supra. Another case called to our attention is that of Magnetic Mfg. Co. v. Dings Magnetic Separator Co., 7 Cir., 16 F.2d 739, decided by this court. True, the facts there, insofar as they concern jurisdiction, are almost identical with those here. The jurisdictional question, however, was neither raised nor considered and under such circumstances, it can not be considered as an authoritative precedent. As argued, the court could have, of its own volition, considered the question, but it did not do so.

While the question of jurisdiction was not raised below, there is no doubt of our duty to consider and determine it here. Bors v. Preston, 111 U.S. 252, 4 S.Ct. 407, 28 L.Ed. 419; Mansfield C. & L. M. Railway Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462; Chicago, B. & Q. R. Co. v. Willard, 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521.

We therefore conclude that the bill of complaint was properly dismissed, notwithstanding the reason stated was other than want of jurisdiction.

It does not follow that the court was without jurisdiction to determine the issues raised by the counterclaim and the answer thereto. The defendants, as legal owner and licensee, in their counterclaim, charged the plaintiff with infringement, and prayed for an accounting and an injunction. Thus, a cause of action for affirmative relief was stated. Under such circumstances, the dismissal of the bill of complaint did not preclude a trial and determination of the issues presented by the counterclaim and answer thereto. Jackson v. Simmons, 7 Cir., 98 F. 768; Buffalo Specialty Co., v. Vancleef, D.C., 217 F. 91; Vidal v. South American Securities Co., 2 Cir., 276 F. 855.

Plaintiff by its pleadings, admits the validity of the patent. The sole defense to defendants' counterclaim was predicated upon plaintiff's rights, alleged to have been acquired by reason of Bruecker's employment during the period of the development and perfection of the invention. It was conceded by plaintiff's counsel during the trial that the razor which it was prepared to manufacture and market constituted an infringement, provided no right was acquired by reason of Bruecker's employment. Thus, we think the issue before us is confined to what, if any, rights in the patent were acquired by the plaintiff by reason of such employment. Among the cases relied upon by the plaintiff as supporting its contention in this respect, are Standard Parks Co. v. Peck, 264 U.S. 52, 44 S.Ct. 239, 68 L.Ed. 560, 32 A.L.R. 1033, and Magnetic Mfg. Co. v. Dings Magnetic Separator Co., 7 Cir., 16 F.2d 739. The effect of these cases and others is that an employer who hires or engages one for a consideration or pay, to devote his time to developing a device, becomes, without qualification, the owner of that property

or device which is developed, and of any invention incident to the making or development of said device.

█ The law as thus announced is not in dispute. The question is whether the facts are such as to entitle the plaintiff to an application of the law. The situation presented, therefore, is factual rather than legal. That Bruecker was in the employment of plaintiff on various occasions between October, 1934, and May, 1936, is not in dispute. The purpose of his employment, the date of its termination, as well as the circumstances concerning the same, and whether plaintiff, by its course of conduct with Bruecker over a period of years, and by statements made to him at the time of his alleged discharge, concerning the razor upon which the patent was issued, were all matters on which there was a sharp conflict in the testimony. We do not think it would serve any useful purpose to indulge in a recitation of the evidence concerning these matters. The court below, who saw and heard the witnesses, determined the factual issues contrary to plaintiff's contention. A study of the record is convincing that the court committed no error in this respect. From the facts as thus determined, it follows as a matter of law that the plaintiff acquired no title to the patent, either legal or equitable, nor did it acquire any shop right which would protect it from the charge of infringement.

█ Plaintiff also complains of a provision in the decree which requires it to deliver to the United States Marshal for destruction, all infringing electric shavers and parts thereof in its possession, together with all dies and tools specifically adapted for use in the manufacture of such infringing electric shavers. It is argued by the plaintiff that such a provision is not authorized by law, while the defendants contend to the contrary. Defendants rely upon Birdsell v. Shaliol, 112 U.S. 485, 5 S.Ct. 244, 28 L.Ed. 768; American Caramel Co. v. Thomas Mills & Bro., 3 Cir., 162 F. 147, and American Bell Telephone Co. v. Kitsell, C.C., 35 F. 521, as supporting their contention. Plaintiff, in support of its position, cites Walker on Patents, Deller's Ed., pages 1920 and 1921, wherein the cases relied upon by the defendants are referred to. The statement is as follows: "Judicial destruction of infringing articles, is a feature of the patent laws of England, but is not justified by any existing law of the United States; though that severe measure has been approved in two obiter dicta (Birdsell v. Shaliol, 112 U.S. 485, 487 [5 S.Ct. 244], 28 L.Ed. 768 (1884); Underwood Typewriter Co. v. Elliott-Fisher Co., 156 F. 588, C.C., N.Y. (1907) ); * * * and invoked in two adjudicated cases where the existence of such a power in the court was implied but its application denied in the cases at bar as not calling for its exercise. (American Bell Telephone Co. v. Kitsell, 35 F. 521, C.C., N.Y. (1888); American Caramel Co. v. Thomas Mills & Bro., 162 F. 147, C.C.A.3 (1907) )."

Notwithstanding this statement of the author, it is our conclusion that the court is vested with such authority by reason of its inherent power to enforce its judgments and decrees. That it is a drastic remedy can not be doubted, and that it should be resorted to only in extreme situations, is equally apparent. In the instant case, such relief was not requested in defendants' counterclaim. We can not hold, as argued by the defendants, that there was shown an utter lack of good faith on the part of the plaintiff. True, the plaintiff prepared to manufacture the razor covered by the patent, which it had a right to do contingent upon its ability to prove an equitable ownership in the invention. The fact that it failed in this respect does not disclose a lack of good faith. Counsel for the plaintiff, during the trial, frankly conceded infringement unless the claim to equitable ownership was sustained. The decree permanently enjoined plaintiff from making, using, advertising or selling the patent structure. Under the circumstances, it would seem that this provision affords the defendants ample protection. There is no reason to believe that plaintiff will not abide by the decree in this respect. If it fails to do so, an adequate remedy will be available.

It is therefore our conclusion that while the court was not lacking in authority to enter that portion of the decree under discussion, that it should not have done so under the circumstances presented.

The decree is therefore affirmed in all respects except as to that portion last above referred to, and as to that, it is reversed.