## ADVERTISING EXCHANGE, Inc., v. WITTEN HARDWARE CO., Inc.

### No. 44.

District Court, W. D. Missouri, W. D.

Dec. 21, 1942.

Miller & Shockley, of Kansas City, Mo., for plaintiff.

Thomas J. Layson, of Trenton, Mo., for defendant.

OTIS, District Judge.

In this proceeding an injunction is sought to prevent alleged threatened infringement of copyright and damages are sought for alleged acts of infringement.

The facts are sufficiently set out in the formal findings of fact, as follows:

1. Plaintiff obtained a copyright on what is described in the certificate as "Manual for hardware advertising and merchandising. Vol. 5, No. 8." (Two copyrights are involved in this case but it is necessary only to discuss one). The copyrighted manual consisted of a series of pages, on each of which appeared suggested hardware advertisements, one for a three column space in a newspaper, one for a two column space and one for a one column space. Each of these advertisements had a heading which was made up of a drawing and a legend. Only the manual was copyrighted. At the bottom of each page of the manual, however, appear the words "Copyright, 1941, by Advertisers Exchange, Inc. Reproduction in whole or part forbidden. All rights reserved." Also in connection with the drawing in the heading of the suggested advertisement appeared (in most cases) the words "(c) Advertisers Exchange Inc. 1941."

2. To customers entering into contracts with the plaintiff, plaintiff sent its manual and also matrices of the various drawings appearing in the manual.

3. The defendant entered into a contract with plaintiff for its services on August 29, 1941. By the terms of that contract it was to have the right to use the serv-

ices, including the matrices, for a period of six months. Upon the expiration of this contract it was not renewed.

4. After the expiration of the contract referred to in finding of fact No. 3 the defendant used, on six occasions, in advertising in the Trenton Missouri Republican Times, matrices of headings and drawings furnished by the plaintiff which it had theretofore used during the period of the contract. There was no legible legend upon any one of the matrices suggesting that the subject matter was copyrighted or putting any one on notice that that might be true.

The only conclusion of law to which it is possible to come is that plaintiff, by furnishing matrices to defendant, upon which matrices there was no notice of copyright (that is, no legible notice), to be published in newspapers, and which were published in newspapers, appearing without any notice of any claim of copyright, dedicated the subject matter thereof to public use. Thereafter, any person, including the defendant, was privileged freely to use such subject matter so dedicated to public use. Deward & Rich, Inc., v. Bristol Savings & Loan Corp., 4 Cir., 120 F.2d 537.

Ordered, adjudged and decreed that plaintiff's complaint be and the same is dismissed. Costs are assessed against plaintiff. So ordered.