**PETER PAN RESTAURANTS, Inc.,**

v.

**PETER PAN DINER, Inc.**

Civ. A. No. 1860.

United States District Court
D. Rhode Island.
April 5, 1957.

Daniel Jacobs, Levy, Carroll & Jacobs, Providence, R. I., for plaintiff.

Elliot A. Salter, Providence, R. I., for defendant.

DAY, District Judge.

The plaintiff seeks relief against the defendant's alleged infringement of the plaintiff's federally registered service mark "Peter Pan" for a restaurant service and against its alleged unfair competition. The jurisdiction of this Court is invoked under the provisions of Title 28 U.S.C.A. §§ 1332(a) and 1338(a) and (b).

The parties have stipulated as to certain facts and the plaintiff presented the testimony of one of its officers in support of the allegations of its complaint. No evidence was presented by the defendant.

Plaintiff is a Delaware corporation having its principal office in Wilmington in that State. It is engaged in the business of operating a chain of restaurants and of rendering certain services to restaurants, such services comprising the designing of and giving advice concerning the construction and equipment of restaurants and their general management. Plaintiff operates its own restaurants under the name of "Peter Pan" restaurants. It opened the first of these restaurants in 1948 in Chicago, Illinois. Until 1954 all of its restaurants were located in that city.

As an incident to its advisory or management services, it licenses those who engage its services to use the name "Peter Pan" on their places of business, menus, napkins, etc. The first restaurant operating under this arrangement appears to have been opened in Detroit, Michigan, in 1953.

The defendant is a Rhode Island corporation, having been incorporated under the laws of that State on December 23, 1953, under the name of "Peter Pan Diner, Inc.", for the purpose of engaging in the business of operating a diner and restaurant. Its restaurant was opened for business in Providence, Rhode Island, in June 1954.

Although the restaurants owned by the plaintiff and its licensees were all located in Illinois and Michigan at the time defendant was incorporated and began to do business, it appears that subsequent to June 1954 the plaintiff or its licensees began to operate additional restaurants in Boston, Massachusetts, Cleveland, Ohio, and Washington, D. C. There was also testimony by its officer that the plaintiff has plans for expansion into other territories. This witness also testified as to the volume of its sales and those of its licensees and as to the amount of money that had been expended for advertising in the cities and states where their restaurants were located.

Plaintiff's service mark for a restaurant service consisting of the words "Peter Pan" in combination with an attractive design was registered in the United States Patent Office on August 11, 1953.

The present action was commenced on May 25, 1955. No evidence was produced to show that the defendant or anyone connected with it prior to its adoption of the name "Peter Pan Diner,

Inc.", or the commencement of its business, had ever heard that the service mark "Peter Pan" was being used by the plaintiff in connection with its business and plaintiff makes no claim that the defendant had such knowledge. Similarly, no evidence was presented by the plaintiff to show the character of the defendant's business—whether it caters to and serves local residents or customers from other states. Insofar as the record discloses, it is purely a local establishment catering to residents of Providence and vicinity.

The first issue to be determined is whether the plaintiff has established its right to relief under the provisions of the Lanham Act, 15 U.S.C.A. § 1051 et seq. Title 15 U.S.C.A. § 1114 provides in part:

"Any person who shall, in commerce, (a) use, without the consent of the registrant, any reproduction, counterfeit, copy, or colorable imitation of any registered mark in connection with the sale, offering for sale, or advertising of any goods or services on or in connection with which such use is likely to cause confusion or mistake or to deceive purchasers as to the source of origin of such goods or services; * * * shall be liable to a civil action by the registrant for any or all of the remedies hereinafter provided * * *."

Title 15 U.S.C.A. § 1127 provides in part:

"In the construction of this chapter, unless the contrary is plainly apparent from the context * * *

The word 'commerce' means all commerce which may lawfully be regulated by Congress."

■ While it is true that the scope of Congressional control of commerce is broad it is not without limit. The limits of its control are well stated in Fairway Foods, Inc., v. Fairway Markets, Inc., 9 Cir., 227 F.2d 193, at page 197:

" * * * The scope of Congressional control of commerce is un-

doubtedly broad, extending as it does, not only to transactions which can be deemed to be essential parts of a flow of interstate commerce but also to activities intrastate in character which are possessed of a close and substantial relation to interstate commerce. However, it was well said in N.L.R.B. v. Jones & Laughlin Steel Corp., 1937, 301 U. S. 1, 37, 57 S.Ct. 615, 624, 81 L.Ed. 893:

" '* * * the scope of this power must be considered in the light of our dual system of government and may not be extended so as to embrace effects upon interstate commerce so indirect and remote that to embrace them, in view of our complex society, would effectually obliterate the distinction between what is national and what is local and create a completely centralized government.' * * * *"

To the same effect, see Pure Foods, Inc., v. Minute Maid Corp., 5 Cir., 214 F.2d 792.

■ In the present case the plaintiff had the burden of proving that the acts of the defendant of which it complains took place in commerce which may lawfully be regulated by Congress.

■ If it has failed to sustain this burden it is not entitled to any relief under the provisions of the Lanham Act for it would have no application to this case. I find that it has not sustained this burden. No evidence was presented that the defendant's sales were other than exclusively to residents of Providence and its vicinity. I cannot assume that it caters to non-residents merely because its place of business is located on a main highway not far removed from downtown Providence. Moreover, there is no evidence that its intrastate sales have even a remote or indirect effect upon interstate commerce. Since the plaintiff has failed to establish that the defendant is engaged in interstate commerce or in activities that may be said to be possess-

ed of a close and substantial relation to interstate commerce, I conclude that the defendant has not violated the provisions of the Lanham Act and that the plaintiff is not entitled to relief under that Act. Fairway Foods, Inc., v. Fairway Markets, Inc., supra; Libby, McNeill & Libby v. Libby, D.C., 103 F.Supp. 968; R. P. Hazzard Co. v. Emerson's Shoes, Inc., D.C., 89 F.Supp. 211; Samson Crane Co. v. Union Nat. Sales, Inc., D.C., 87 F.Supp. 218, affirmed 1 Cir., 180 F.2d 896; C. B. Shane Corporation v. Peter Pan Style Shop, Inc., D.C., 84 F.Supp. 86.

The cases relied upon by the plaintiff wherein relief was granted under the Lanham Act are in my opinion clearly distinguishable on their facts. In each of them the defendant was either engaged in interstate commerce or in activities which were closely and substantially related to interstate commerce.

As an additional ground, the plaintiff contends it is entitled to relief because the defendant is guilty of unfair competition. To entitle the plaintiff to relief on this ground the burden was upon it to show confusion or at least probable injury to it from the defendant's activities. Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713; United Drug Co. v. Theodore Rectanus Co., 248 U.S. 90, 39 S.Ct. 48, 63 L.Ed. 141; El Chico, Inc., v. El Chico Cafe, 5 Cir., 214 F.2d 721.

At the time of the establishment by the defendant of its business under the name of Peter Pan Diner, Inc., the plaintiff was not engaged in business in Rhode Island and had not licensed anyone to do business there under the service mark of "Peter Pan". As hereinbefore pointed out, there is no evidence that the defendant, or anyone connected with it, had any notice or knowledge of the existence of the plaintiff or of its employment of the name of "Peter Pan" for its restaurants or restaurant services. Clearly then, there is no basis for any inference that the use of that name by the defendant was in bad faith or with intent to deceive the public or to take advantage of the plaintiff's good-will which may have existed in other parts of the country.

The absence of bad faith or intent to deceive is, however, not conclusive of a plaintiff's right to relief in actions based upon unfair competition. The rule seems to be that, where an establishment which has acquired a national reputation has its name infringed by a purely local user, there is reasonable prospect of damage being done to the establishment whose name is appropriated by another and injunctive relief will be given against such appropriation by the local establishment. Stork Restaurant v. Sahati, 9 Cir., 166 F.2d 348. I do not think such a situation is presented here.

While it is true that plaintiff's use of its service mark was prior to the use of the same mark by the defendant, it was confined to areas far distant from Rhode Island. And its advertising was confined to those areas. It cannot be said that it had acquired a national reputation for its restaurants or its services. There is no evidence to indicate any palming off by the defendant that its restaurant is operated by the plaintiff or that it is one of its licensees. Similarly, there is a complete dearth of evidence as to any confusion of the public and as to any probable injury to the plaintiff.

In my opinion the plaintiff, having failed to establish either confusion or at least probable injury to its business, is not entitled to injunctive relief on the ground of unfair competition.

Judgment shall be entered for the defendant.