**VENUS MUSIC CORPORATION,**
**Plaintiff,**

v.

**MILLS MUSIC, Inc., Defendant.**

United States District Court
S. D. New York.

Dec. 12, 1957.

Lewis A. Dreyer, New York City, for plaintiff.

Samuel Jesse Buzzell, New York City (Theodore R. Kupferman, New York City, of counsel), for defendant.

THOMAS F. MURPHY, District Judge.

This action, both parties insist, is for copyright infringement and for the enforcement of a right created by the Federal Copyright Statute. We have some doubts and believe it is an action by one assignee of an interest in a registered claim to a renewal of a copyright in a musical composition against another assignee of the same one-third interest for a declaratory judgment as to the ownership of the one-third interest, and for other equitable relief based on such ownership. There is no diversity.

■ How Luckett v. Delpark, Inc., 1926, 270 U.S. 496, 46 S.Ct. 397, 70 L. Ed. 703, is to be construed today (Cf. Cohan v. Richmond, 2 Cir., 1936, 86 F. 2d 680; Photo-Drama Motion Picture Co. v. Social Uplift Film Corp., 2 Cir., 1915, 220 F. 448, with Leaver v. Parker, 9 Cir., 1941, 121 F.2d 738; Lion Mfg. Corp. v. Chicago Flexible Shaft Co., 7 Cir., 1939, 106 F.2d 930; Dill Mfg. Co. v. Goff, 6 Cir., 1942, 125 F.2d 676), is a difficult appraisal to make. However, we feel bound by the Second Circuit's interpretation and will assume that the characterization of the cause of action is still the choice of the plaintiff and that this court has jurisdiction. We proceed, therefore, to the merits.

■ What the dispute comes down to is: Who is entitled to Abe Lyman's share of the fees collected by ASCAP for the public performances of the musical composition Mary Lou? The history of the copyright is as follows:

In 1926 Henry Waterson, Inc., obtained the original copyright in the musical composition Mary Lou, which was written by J. Russel Robinson, George Waggner and Abe Lyman. In 1931 Henry Waterson, Inc. assigned all its rights in the copyright to defendant.

Also in 1931 Henry Waterson, Inc., quitclaimed its right to the renewal copyright to defendant. In 1936 Lyman, in consideration of $200, signed a bill of sale in favor of defendant which purported to grant "all right, title and interest in  *  *  *  'Mary Lou' " to defendant "their successors and assigns  *  *  *  to have and to hold and to the said party of the second part, their executors, administrators and assigns forever." This instrument was not recorded. In 1942 Lyman, by a written instrument and for $1, assigned his renewal rights to plaintiff's assignor, Fred Fisher Music Co., Inc. This assignment was recorded. In 1948 Lyman, for $500, assigned renewal rights to six songs, including Mary Lou, to defendant. The check evidencing this payment originally read "advance against royalties" and at some later time there was added the phrase "on renewal contract." This instrument was recorded. On April 17, 1953, plaintiff's assignor secured from the copyright office a certificate of registration of a claim to the renewal of a copyright.

On July 9, 1953, plaintiff received an assignment from Fred Fisher Music Co., Inc., of all its right, title and interest to the musical composition Mary Lou and to the renewal copyright thereof.

It is admitted in the pleadings that continuously since April 17, 1954, the first date of the renewal copyright, defendant has claimed and asserted that by virtue of the purported assignment from Abe Lyman dated January 22, 1948, it is the sole owner and proprietor of the interest of said Abe Lyman in such musical composition and that the defendant, acting under said assignment, has made and continues to make such claim and assertion to the public, the trade, the American Society of Composers, Authors and Publishers (ASCAP), and licensees.

If an assignment of an interest in a renewal copyright is protected the same as is an assignment of a copyright, 61 Stat. 660 (1947), 17 U.S.C.A. § 30, it would seem to require that the Fred Fisher Company, plaintiff's assignor, would have superior title if it was a purchaser for value without notice of the existence of the prior assignment. We find that it had no notice of any prior assignment, but it certainly was not a purchaser for value since the testimony offered merely showed that $1 was given to Mr. Lyman at the time he signed the assignment. This fact we do not accept and find as a fact that no money was offered or received.

We find, too, that it was the intention of Lyman at the time he made the bill of sale in 1936 and received $200 to include in the bill of sale his anticipated right to a renewal of the copyright and that the assignment he made in 1948, and for which he received $500, reaffirmed in part his divesting himself of whatever rights he had in the copyright.

Complaint dismissed.

Judgment for defendant.