S. C. JOHNSON & SON, INC., Plaintiff,

v.

DROP DEAD CO., Inc., Defendant.

No. 1113–59–PH.

United States District Court
S. D. California,
Central Division.

Dec. 26, 1961.

Lewis S. Garner, Woodson, Pattishall & Garner, and Washington, D. C., Fulwider, Mattingly & Huntley, Warren L. Patton, Los Angeles, Cal., for plaintiff.

William C. Babcock, Long Beach, Cal., for defendants.

HALL, Chief Judge.

█ Defendants' Motion for Summary Judgment on plaintiff's First Cause of Action (copyright infringement of its label "Pledge") is made on the ground that plaintiff had distributed advertising placards to grocers throughout the United States with a picture of its cans of "Pledge" which did not have the copyright symbol on them (an admitted fact), and that such acts constitute a publication and dedication to the public so as to void the copyright.

The facts here do not, in my judgment, fall within the ambit of either Advertising Exchange, Inc. v. Witten Hdw. Co., Inc. (D.C.Mo.1942) 50 F.Supp. 137 (matrices), or Metro Associated Services v. Webster City Graphic (D.C.Iowa 1953) 117 F.Supp. 224 (mats and other newspaper material), or Alfred Bell & Co. v. Catalda Fine Arts (D.C.N.Y.1947) 74 F.Supp. 973, 974, modified and affirmed 2 Cir., 191 F.2d 99 (mezzotints), in that in each of those cases, it was the copyrighted material which was the product and which, itself, was sold, whereas here, the product sold is not the label, i. e., the copyrighted thing, but the contents of the can upon which the label "Pledge" appears.

Rather, this case comes more nearly within the reasoning of Rushton v. Vitale (C.A.2d 1955) 218 F.2d 434, where the doll "Zippy" was copyrighted but an illustration of it was published in a Trade Journal, which illustration did not carry the copyright notice in the Trade Journal. The Court held that such illustrations were publications only for the limited purpose of drawing the product to the trades' attention, and did not constitute a dedication.

From the facts as they stand now, I cannot say, as a matter of law, that the admitted distribution of the placard is sufficient dedication to the public to void the copyright.

█ Defendant makes a Motion for Summary Judgment on plaintiff's Second Cause of Action for unfair competition.

In view of the fact, as above noted, that the plaintiff has a substantial claim under the copyright laws, and in view of the fact that the pleadings and admissions show that it is a related claim to the Second Cause of Action, defendant's Motion for Summary Judgment or for Judgment on the pleadings is denied as to the Second Cause of Action, under the provisions of 28 U.S.C. § 1338(b).

█ Defendant moves for a Summary Judgment or dismissal of plaintiff's Third Cause of Action for infringement of its trademark which is registered under the Lanham Act, 15 U.S.C.A. § 1051 et seq., and the laws of California, on the ground: (a) that competition between the plaintiff and defendant is purely intrastate, and therefore the Lanham Act does not apply; and (b) that the jurisdictional amount is absent in a diversity of citizenship case.

As to the first ground, viz: intrastate sales, it is a misconception that actual sales by an infringer must be made in interstate commerce before the Lanham Act applies. It is not the actual sales made in interstate commerce, but the effect of them which is the norm to be applied. Lyon v. Quality Courts United (C.A.6th 1957) 249 F.2d 790 at 795.

█ As to the amount necessary to satisfy the jurisdictional prerequisite that the controversy equals or exceeds $10,000, it must be kept in mind that

many factors may enter into the determination of this amount; and considerations of the judicial process which, in this instance, will require a trial on the merits as to plaintiff's First and Second Causes of Action, require also, the denial of the Motion for Summary Judgment or dismissal of plaintiff's Third Cause of Action to await proof in the plenary trial.

The Motions of defendant for Summary Judgment, or in the alternative, for Judgment on the pleadings, are therefore denied.

Counsel will notice the matter on the Court's calendar for any Monday to secure a setting date if the case is now ready for trial.