**AMERICAN DAIRY QUEEN CORPORATION and S. D. Noble, Plaintiffs,**

**v.**

**Edward J. AUGUSTYN and Helen E. Augustyn, and Robert L. Detwiler and Peggy Detwiler, Defendants.**

**No. 67 C 1295.**

United States District Court
N. D. Illinois, E. D.

Sept. 11, 1967.

Owen J. Ooms, Erwin F. Adams, Chicago, Ill., for plaintiff.

Edward T. Havey, Burton Evans, Chicago, Ill., for Edward J. Augustyn and Helen E. Augustyn.

Ebers Metskas & Bjorvik, Chicago, Ill., for Robert L. Detwiler and Peggy Detwiler.

## MEMORANDUM OPINION

WILL, District Judge.

This is an action for infringement of a trade mark and for unfair competition. The corporate plaintiff, American Dairy Queen Corporation (hereinafter called American), is incorporated under the laws of the State of Delaware and maintains its principal place of business in Minneapolis, Minnesota. The individual plaintiff is a resident of Illinois. The defendants are also residents of Illinois. The defendants have moved to dismiss on the grounds: (1) that the Court does not have jurisdiction of the subject matter; and (2) that the complaint fails to state a claim upon which relief can be granted.

The plaintiffs have sought to invoke federal jurisdiction under 28 U.S.C. §§ 1338(a) and 1338(b). Section 1338(a) provides that a federal district court shall have original jurisdiction of any civil action "arising under" any Act of Congress relating to trademarks. Section 1338(b) provides that a federal district court shall have jurisdiction of any civil action asserting a claim of unfair competition when joined with a "substantial and related" claim under the trademark laws. Thus, the central question presented by defendants' motion is whether plaintiffs' claim is one arising under the trademark laws. If it is, then the Court may also exercise jurisdiction over the plaintiffs' claim of unfair competition arising under state law.

Although the plaintiffs allege infringement of a registered trademark, the suit also involves the contractual rights of the parties in the mark. The facts alleged in the complaint indicate that American is the owner of the trademark and trade name "Dairy Queen" and that plaintiff Noble has the exclusive franchise and license to use the mark in Cook County and other counties of Illinois. Pursuant to this right Noble allegedly granted a sub-franchise to defendants Edward J. Augustyn and Helen E. Augustyn which allegedly authorized the Augustyns to build and operate three "Dairy Queen" stores. This agreement reserved the right to repurchase the sub-franchise or approve any sale of the sub-franchise to a third party, if the Augustyns wished to sell the businesses before the termination of their franchise. The plaintiffs assert that in violation of the agreement the Augustyns sold a "Dairy Queen" store in Calumet City, Illinois to the defendants Robert L. Detwiler and Peggy Detwiler without offering Noble the right to repurchase or obtaining his approval. Plaintiffs claim that the defendants were notified of the breach and that subsequently the sub-franchise was cancelled. The complaint alleges that the Augustyns have continued to represent themselves to be authorized "Dairy Queen" franchise holders and that the

Detwilers have continued to operate the "Dairy Queen" store. This continued representation and use, plaintiffs claim, infringes upon their rights in the trademark "Dairy Queen."

In their prayer for relief, plaintiffs demand judgment (1) declaring American to be the owner of all right, title, and interest in the trademark; (2) declaring the defendants guilty of trademark infringement; (3) declaring the Augustyns to be in default of their agreement with Noble and the sub-franchise to be cancelled; (4) declaring the Detwilers to have no authority to use the trademark and trade name; and (5) enjoining the defendants from infringement of the trademark.

■ The instant case, obviously, is of a hybrid nature. Though the plaintiffs allege rights under the trademark laws and the infringement of these rights, their claims are dependent upon the preliminary questions of whether there was a breach of the sub-franchise agreement and whether the subsequent cancellation of the sub-franchise was effective. Several courts when faced with a case of this nature have characterized the action as one for the enforcement of a contract under state law, rather than a trademark or copyright suit under federal law. Accordingly, they have found such actions to be outside the jurisdiction of the federal courts. See, e. g., Danks v. Gordon, 272 F. 821, 827 (2d Cir., 1921); T. B. Harms Co. v. Eliscu, 226 F.Supp. 337, 340–341 (S.D.N.Y., 1964); Muse v. Mellin, 212 F.Supp. 315, 316–318 (S.D.N.Y., 1962). Nevertheless, we conclude that dismissal on the grounds of lack of jurisdiction of the subject matter would be improper.

■ If the sub-franchise agreement is no longer effective, it is clear that the plaintiffs have grounds for an infringement suit based on the defendants' actions since the alleged cancellation of the agreement. Certainly, there would be no question as to jurisdiction, if the plaintiffs had only alleged infringement of the trademark and the defendants had raised the validity of the franchise as a defense. Since jurisdiction is to be determined solely on the basis of the allegations in the complaint, it could not be defeated by the defendants' assertions in their answer. The result should be no different in this case. Jurisdiction is not defeated simply because the plaintiff has anticipated a defense based on state law and has not only alleged trademark infringement but has sought a determination of the entire controversy. See Luckett v. Delpark, Inc., 270 U.S. 496, 510–511, 46 S.Ct. 397, 70 L.Ed. 703 (1926) (dictum); Geneva Furniture Mfg. Co. v. S. Karpen & Bros., 238 U.S. 254, 258–259, 35 S.Ct. 788, 59 L.Ed. 1295 (1915); Healy v. Sea Gull Specialty Co., 237 U.S. 479, 480, 35 S.Ct. 658, 59 L.Ed. 1056 (1915); The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913).

■ It is true that the plaintiffs could institute a suit for specific performance of the sub-franchise agreement in the state courts and receive the same relief which they seek here. It does not follow, however, that they must rely solely upon a state court suit on the franchise for any relief. In analogous situations, where a plaintiff has had a choice between relying upon federal law for copyright or patent infringement and state law for breach of contract, it has been held that the plaintiff could base his claim on federal law and invoke federal jurisdiction. See, e. g., The Fair v. Kohler Die & Specialty Co., supra; Lyon v. Quality Courts United, Inc., 249 F.2d 790, 794 (6th Cir., 1957); Goss v. Henry McCleary Timber Co., 82 F.2d 476 (9th Cir., 1936); Venus Music Corp. v. Mills Music, Inc., 156 F.Supp. 753 (S.D.N.Y., 1957); contra, Dill Mfg. Co. v. Goff, 125 F.2d 676 (6th Cir., 1942); Lion Mfg. Corp. v. Chicago Flexible Shaft Co., 106 F.2d 930 (7th Cir., 1939).

■■ The defendants also assert in their motion to dismiss that the complaint fails to state a claim upon which relief can be granted. F.R.Civ.Pro. 12 (b) (6). The general rule in the federal courts is that a complaint should not be

dismissed for insufficiency unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved to support the allegations. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See Moore, Federal Practice ¶ 12.08. This rule generally precludes dismissal except in those instances where the face of the complaint discloses some insurmountable bar to recovery. See Wright, Federal Courts § 68 (1963). Moreover, conclusory allegations are allowed in the federal courts. See, e. g., United States v. Employing Plasterers Ass'n of Chicago, 347 U.S. 186, 188, 74 S.Ct. 452, 456, 98 L.Ed. 618 (1954); Garcia v. Bernabe, 289 F.2d 690 (1st Cir., 1961); Boerstler v. American Medical Ass'n, 16 F.R.D. 437, 443 (N.D.Ill., 1954). Thus, the complaint is adequate if the circumstances, occurrences, and events in support of the claim are stated with sufficient particularity to give the defendant notice of the basis of the suit. See Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ Defendants attack the first count, alleging trademark infringement, on the grounds that the complaint does not allege facts showing the renewal of the trademark registration and does not allege that the good will of American's predecessor was assigned with the trademark. In the first count, the plaintiffs have alleged events showing their ownership of a registered trademark and the infringing use of the trademark of the defendants. This is sufficient to give the defendants notice of the basis of the suit. It is not necessary that the plaintiffs disclose their chain of title in the complaint since this may be ascertained during the discovery process.

■ The defendants attack the second count, alleging unfair competition, on the grounds that the plaintiff, American, does not allege the registration and ownership of certain additional trademarks and copyrights assertedly used by the defendants. Defendants also argue that the complaint contains no allegation of the requisite interstate effect necessary to give the court jurisdiction over the action for unfair competition. These omissions are immaterial. It is not necessary that the trademarks and copyrights alleged in the second count be registered since the plaintiff is asserting a common law action for unfair competition. Similarly, it is not necessary that the plaintiffs allege an interstate effect to confer jurisdiction upon the Court. Since this action is related to a substantial trademark claim, jurisdiction is predicated on 28 U.S.C. § 1338(b). The question of the requisite interstate effect goes to the merits of the action. If there is no allegation of any effect on interstate commerce, the court should dismiss the complaint for failure to state a claim for relief, not lack of jurisdiction. See Iding v. Anaston, 266 F.Supp. 1015 (N.D.Ill., 1967).

■ The defendants raise this very point when they assert that the complaint does not allege grounds for a preliminary injunction. To be guilty of trademark infringement or unfair competition under the Lanham Act, the defendant must use the infringing mark in interstate commerce. Pure Foods, Inc. v. Minute Maid Corp., 214 F.2d 792, 795 (5th Cir., 1954). It is a misconception, however, that actual sales or use of the mark must be made by defendant in interstate commerce. If the defendants adversely affect plaintiff's interstate activity, the infringement will be deemed to be of an interstate character. See, e. g., Lyon v. Quality Courts United, Inc., 249 F.2d 790, 795 (6th Cir., 1957); S. C. Johnson & Son, Inc. v. Drop Dead Co., 201 F.Supp. 442, 443 (S.D.Cal., 1961); Farmers' Educational & Coop. Union of America v. Farmers' Educational & Coop. Union etc., 141 F.Supp. 820, 823 (S.D. Iowa, 1956).

■ In regard to both the first and second counts, the complaint states that American franchises "Dairy Queen" stores throughout the United States and spends large sums of money promoting the sales and quality of service of these stores. The complaint should be construed so as to do substantial justice.

722

While it does not charge that the defendants made sales in interstate commerce, it does allege that plaintiff American actively engages in interstate activities designed to promote the trademark "Dairy Queen" and that defendants' activities have injured plaintiffs' rights in the trademark. These allegations imply damages to plaintiffs' good will established in interstate commerce. This would seem sufficient to bring plaintiffs' cause within the ambit of the Lanham Act and give the defendants fair notice of their claims and the grounds upon which they rest.

In accordance with the above discussion, we find the existence of both federal jurisdiction and a claim upon which relief can be granted. An appropriate order will enter denying defendants' motion to dismiss.