**JU–C–ORANGE OF AMERICA et al.**

**v.**

**KUTZTOWN BOTTLING WORKS, a partnership composed of Elsworth H. Beiber and Donald F. Beiber.**

**Civ. A. No. 70–2908.**

United States District Court,
E. D. Pennsylvania.

Oct. 20, 1971.

Synnestvedt & Lechner, Philadelphia, Pa., Cushman, Darby & Cushman, Washington, D. C., for plaintiffs.

Zachary T. Wobensmith, II, Andrew R. Klein, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This is an action for infringement of a trademark brought under the Lanham Act, 15 U.S.C.A. § 1051 et seq. and for related unfair competition. The plaintiffs JU–C–Orange of America, (a part-

nership with its principal place of business in Pennsylvania) and Pennsylvania Dutch Birch Beer, Inc., (a corporation, organized under the laws of Pennsylvania with its principal place of business in Pennsylvania) are engaged in the manufacture and sale of "Pennsylvania Dutch" Birch Beer in Pennsylvania and in other states. The defendant Kutztown Bottling Works, (a partnership with its principal place of business in Pennsylvania) is similarly engaged in the manufacture and sale of birch beer. Such sales, however, are exclusively intrastate with the trading area limited to a ten-mile radius around Kutztown, Berks County, Pennsylvania. This matter is presently before the Court on defendant's motion to dismiss for lack of jurisdiction over the subject-matter.

Defendant contends that, absent diversity, there is no jurisdiction in the Federal courts under the Lanham Act, 15 U.S.C.A. § 1051 et seq., where the use of the mark is wholly intrastate; such use not being "in commerce" within the meaning of the Act.

In defining infringement under the Lanham Act, 15 U.S.C.A. § 1114(1) (a) provides:

> "(1) Any person who shall, without the consent of the registrant—
>
> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or"

 Federal jurisdiction over a trademark case, is based upon the defendant's use of the infringing mark "in commerce". "Commerce" is defined in 15 U.S.C.A. § 1127 as meaning "All commerce which may lawfully be regulated by Congress". The sole issue is whether defendant uses its mark "in commerce" as required by 15 U.S.C.A. § 1114(1) (a) in order to establish jurisdiction over the subject-matter. It is well established an intrastate infringing use is "in commerce" within the meaning of the Lanham Act if it has a "substantial economic effect upon interstate use by the mark's owner." Lyon v. Quality Courts United, Inc., 249 F.2d 790 (6th Cir. 1957). See also Maier Brewing Co. v. Fleischmann Distilling Corp., 390 F. 2d 117 (9th Cir.), cert. denied 391 U.S. 966, 88 S.Ct. 2037, 20 L.Ed.2d 879 (1968); Pure Foods, Inc. v. Minute Maid Corp., 214 F.2d 792 (5th Cir.) cert. denied 348 U.S. 888, 75 S.Ct. 208, 99 L.Ed. 697 (1954).

 Plaintiffs have alleged in their complaint that they have expended monies toward activities designed to promote their product with dealers, distributors and the general public. The infringing use by the defendant is said to damage plaintiffs' good will established by use of their registered trademark in interstate commerce, and to have a "substantial effect on plaintiffs' trademark and its relation to interstate commerce." (Paragraph 12 of complaint) These allegations are sufficient to bring plaintiffs' cause within the ambit of the Lanham Act. Maier Brewing Co. v. Fleischmann Distilling Corp., 390 F.2d at 120; Pure Foods v. Minute Maid Corp., 214 F.2d at 796; American Dairy Queen Corp. v. Augustyn, 278 F.Supp. 717, 722 (N.D.Ill.1967).

In American Dairy Queen Corp., *supra*, at 722, the Court said:

> "While it [the complaint] does not charge that the defendants made sales in interstate commerce, it does allege that plaintiff * * * actively engages in interstate activities designed to promote the trademark 'Dairy Queen' and that defendants' activities have injured plaintiffs' rights in the trademark. These allegations imply damages to plaintiffs' good will established in interstate commerce. This would seem sufficient to bring plaintiffs' cause within the ambit of the Lanham Act * * *."

Defendant relies on Fairway Foods, Inc. v. Fairway Markets, Inc., 227 F.2d

193 (9th Cir. 1955) for the proposition that in the absence of a showing that a business is part of a coordinated interstate system substantially affecting commerce, exclusively intrastate activities are not a permissible field for congressional regulation under the Commerce power. 227 F.2d at 197, 198. However, in Mister Donut of America v. Mr. Donut, Inc., 418 F.2d 838 (9th Cir. 1969), the holding of *Fairway Foods* was limited to its facts, namely, "where the federal registrant and the intrastate user of conflictingly similar trademarks are using the respective marks in geographically separate and distinct market areas, with no real competition between them, and where there is no present likelihood that the federal registrant will expand his use into the area of use of the intrastate user * * *", 418 at 844. Such is clearly not the situation here, in that there is an alleged overlapping marketing area in Berks County. Similarly, defendant's reliance on In re Bookbinder's Restaurant, 240 F.2d 365, 44 C.C.P.A. 731 (1957) is misplaced. In holding that a single restaurant which rendered services in a single city was not such commerce as could be regulated under the Lanham Act, the Court distinguished between goods and services:

> "* * * only intrastate commerce which is necessary to the production or movement of goods in interstate commerce, or which serves materially to hamper or impede such commerce has been held to be subject to such regulation." 240 F.2d at 367.

In the instant case, we are concerned with the interstate manufacturer and sale of goods as opposed to "services". Therefore, *Bookbinder's* does not control the situation here. Peter Pan Restaurants, Inc. v. Peter Pan Diner, Inc., 150 F.Supp. 534 (D.R.I.1957) is also inapplicable here in that it, too, involved a restaurant service situation and was based on the *Fairway Foods* holding.

Accordingly, defendant's motion to dismiss the complaint for lack of jurisdiction over the subject-matter will be denied.

The defendant has also filed a motion for summary judgment. At oral argument the defendant frankly conceded that a question of fact exists which precludes the granting of said motion at the present stage of this litigation. Said motion will be denied.