WOOSTER et al. v. CRANE & CO.

(Circuit Court of Appeals, Eighth Circuit. July 16, 1906.)

No. 2.011.

1. COURTS—FEDERAL COURTS—JURISDICTION—SUIT ARISING UNDER COPYRIGHT
   LAWS.

   A suit, the primary and controlling purpose of which is to enforce
   a right secured by the copyright laws which is being infringed by the
   defendants, is a suit under those laws, and within the jurisdiction of
   the federal Circuit Courts, although it incidentally draws in question
   the validity, interpretation, and effect of a contract through which the
   complainant derives title.

   [Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 833.]

2. COPYRIGHT—SUIT BY EQUITABLE OWNER FOR INFRINGEMENT.

   The owner of the equitable title to a copyright may in equity in his
   own name sue for infringement, where the holder of the legal title is
   one of the infringers and occupies a position hostile to him.

3. SAME—LACHES.

   Failure to institute suit for infringement until the defendants have
   been proceeding openly therewith for about a year does not constitute
   laches, barring a right to relief in equity, when during that time the
   complainant was actively engaged in the defense of a suit to cancel his
   title prosecuted by one of the defendants.

   [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Copyrights,
   § 70.]

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the District
of Kansas.

Charles C. Linthicum (T. F. Garver, on the brief), for appellants.
A. B. Quinton (E. S. Quinton, on the brief), for appellee.

Before SANBORN and VAN DEVANTER, Circuit Judges, and
PHILIPS, District Judge.

VAN DEVANTER, Circuit Judge. This is an appeal from an
order granting a preliminary injunction restraining the infringement
of copyrights in certain elementary arithmetics. The case made by
the bill, and which the proofs submitted on the motion for the in-
junction tended to sustain, is this: The defendant, Lizzie E. Woos-
ter, is the author of the books and has the legal title to the copyrights.
The equitable title, however, is in the complainant, Crane & Co., by
virtue of a written contract with Wooster whereby, before the copy-
rights were completed, she transferred to that company the exclusive
right to print, publish, and vend the books during the full terms of
the copyrights and of any renewals of them, and agreed to defend the
copyrights in case of adverse claims or infringements. After the com-
pletion of the copyrights Wooster, without the consent of the com-
plainant, prepared other elementary arithmetics, which were largely
copied from the copyrighted books, and caused them to be printed
and put on the market. The defendants Alford and Shirer are book-
sellers and are engaged in selling the infringing books without the

consent of the complainant, and with notice of its rights. The prayer of the bill is for an injunction against further infringement of the copyrights and for such other relief as may be agreeable to equity.

Of the contentions made by the appellants, those which we deem it appropriate to notice at this time are: (1) That the suit is one arising out of the contract and not under the copyright laws; (2) that the complainant, not having the legal title to the copyrights, cannot maintain the suit in its own name, or at least not against others than Wooster; (3) that the complainant has been guilty of laches, barring its right to relief in equity.

1. A suit, the primary and controlling purpose of which is to enforce a right secured by the copyright laws which is being infringed by the defendants, is a suit under those laws, and within the jurisdiction of the federal Circuit Courts, although it incidentally draws in question the validity, interpretation, and effect of a contract through which the complainant derives title. Littlefield v. Perry, 21 Wall. 205, 222, 22 L. Ed. 577; Excelsior Wooden Pipe Co. v. Pacific Bridge Co., 185 U. S. 282, 290–295; 22 Sup. Ct. 681, 46 L. Ed. 910; Atherton Mach. Co. v. Atwood-Morrison Co., 43 C. C. A. 72, 102 Fed. 949; Victor Talking Machine Co. v. The Fair, 61 C. C. A. 58, 123 Fed. 424. This is such a suit. The bill, like ordinary bills for infringement, sets forth the facts showing the validity of the copyrights, the title of the complainant, and the infringement by the defendants, and then prays for an injunction against a continuance of the infringement. The contract is set forth for the purpose of showing the complainant's title, and not as the basis or foundation of the suit.

2. It is the general rule that a mere licensee cannot in its own name sue strangers who infringe. Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244, 28 L. Ed. 768. Here, however, the complainant is not a mere licensee, but has the full equitable title, and Wooster, who has the legal title, is one of the infringers and occupies a position altogether hostile to the complainant. Its right in this situation to sue in equity in its own name is plain in principle and well established by authority. Littlefield v. Perry, 21 Wall. 205, 223; 22 L. Ed. 577; Waterman v. Mackenzie, 138 U. S. 252, 255, 11 Sup. Ct. 334, 34 L. Ed. 923; Excelsior Wooden Pipe Co. v. Pacific Bridge Co., 185 U. S. 282, 22 Sup. Ct. 681, 46 L. Ed. 910; Root v. Railway Co., 105 U. S. 189, 216; 26 L. Ed. 975; Little v. Gould, 15 Fed. Cas. 604, 610, No. 8,395; Id., 15 Fed. Cas. 612, 614, No. 8,395; Ruggles v. Eddy, 20 Fed. Cas. 1317, No. 12,177.

3. The laches sought to be imputed to the complainant consists in its failure to institute the suit until the defendants had been proceeding openly with their infringement for about a year. The delay, however, is satisfactorily explained. The complainant was actively engaged in the defense of a suit prosecuted by Wooster in one of the courts of the state of Kansas to obtain a cancellation of the contract which made it the equitable owner of the copyrights. It obtained a judgment in its favor in that suit, and shortly thereafter commenced the present one, and at once applied for a temporary injunction. The

circumstances, therefore, refute rather than suggest an acquiesence in the infringement or an abandonment of the copyrights.

Other matters are discussed in the briefs, but careful consideration of them does not persuade us that the court acted improvidently in granting the injunction.

Affirmed.