## BISEL v. LADNER.

(Circuit Court of Appeals, Third Circuit. September 6, 1924.)

No. 3122.

**1. Copyrights ⊙=41, 42—Legal title may be shown to be held in trust for another.**

The legal title to a copyright is in the person in whose name it is taken out, but it may be held by him in trust for the true owner, and the question of true ownership is one of fact, dependent on the circumstances of the case.

**2. Copyrights ⊙=41, 42—Author of book held, on the evidence, equitable owner of the copyright.**

A copyright for a book taken out in the name of the publisher for the author, with his consent, *held* in equity the property of the author.

**3. Copyrights ⊙=76 — Equitable owner may maintain suit for infringement.**

The equitable owner of a copyright may maintain a suit for infringement in his own name against the holder of the legal title.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Suit in equity by Grover Cleveland Ladner against George T. Bisel, trading as the George T. Bisel Company. Decree for complainant, and defendant appeals. Affirmed.

John Weaver, of Philadelphia, Pa., for appellant.

Owen J. Roberts and George G. Chandler, both of Philadelphia, Pa., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and BODINE, District Judge.

BODINE, District Judge. Grover Cleveland Ladner, a lawyer and author of a book on the Law of Conveyancing in Pennsylvania, is the complainant. George T. Bisel, trading as the George T. Bisel Company, who published Mr. Ladner's book in 1913, is one of the defendants. Louis W. Robey, a member of the Pennsylvania bar, who revised the book, is also a defendant. The copyright for the book was taken out in the publisher's name.

[1] The trial judge found that the copyright was legally issued to the Bisel Company and subsequently assigned to George T. Bisel individually, but that in equity the copyright was the property of Mr. Ladner, and that Mr. Robey, in revising the book, had not acted improperly, but that the revised edition ought to be published and distributed upon the payment of royalties to Mr. Ladner. "The legal title to a copyright vests in the person in whose name the copyright is taken out. It may, however, be held by him in trust for the true owner, and the question of true ownership is one of fact, dependent upon the circumstances of the case. Press Publishing Co. v. Falk (C. C.) 59 Fed. 324 (1894); Black v. Henry G. Allen Co. (C. C.) 42 Fed. 618, 9 L. R. A. 432 (1890); Lawrence v. Dana, Fed. Cas. No. 8136; 9 Cyc. 930." Harms et al. v. Stern et al., 229 Fed. 42, 46, 145 C. C. A. 2, 6.

[2] It is not controverted that, when the negotiations were pending for the publication of the book, Mr. Bisel said, "We don't buy books." The work was a completed work, and Mr. Ladner brought it to Mr. Bisel for publication. It is not controverted that Mr. Bisel said, "I will attend to the copyrighting for you," to which Mr. Ladner assented.

[3] The trial judge properly found that the beneficial interest in the copyright was retained by Mr. Ladner. Complainant has

the right to sue in equity. He acted promptly, and his rights were infringed and he is not a mere licensee, but the equitable owner of the coyright. "It is the general rule that a mere licensee cannot in its own name sue strangers who infringe. Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244, 28 L. Ed. 768. Here, however, the complainant is not a mere licensee, but has the full equitable title, and Wooster, who has the legal title, is one of the infringers and occupies a position altogether hostile to the complainant. Its right in this situation to sue in equity in its own name is plain in principle and well established by authority. Littlefield v. Perry, 21 Wall. 205, 223; 22 L. Ed. 577; Waterman v. Mackenzie, 138 U. S. 252, 255, 11 Sup. Ct. 334, 34 L. Ed. 923; Excelsior Wooden Pipe Co. v. Pacific Bridge Co., 185 U. S. 282, 22 Sup. Ct. 681, 46 L. Ed. 910; Root v. Railway Co., 105 U. S. 189, 216, 26 L. Ed. 975; Little v. Gould, 15 Fed. Cas. 604, 610, No. 8,395; Id., 15 Fed. Cas. 612, 614, No. 8,395; Ruggles v. Eddy, 20 Fed. Cas. 1317, No. 12,177." Wooster v. Crane & Co., 147 Fed. 515, 516, 77 C. C. A. 211, 212.

The judgment below will be affirmed.