Clarence MUSE and Mills Music, Inc.,
Plaintiffs,

v.

Robert MELLIN, Robert Music Corporation, Sherwin Music, Inc. and American Society of Composers, Authors and Publishers, Defendants.

United States District Court
S. D. New York.

Dec. 27, 1962.

Theodore R. Kupferman, New York City, for plaintiffs.

Olman & Adler, New York City, for defendants Robert Mellin, Robert Music Corporation, Sherwin Music, Inc., Michael J. Adler, New York City, of counsel.

Schwartz & Frohlich, New York City, for defendant American Society of Composers, Authors and Publishers, David H. Horowitz, New York City, of counsel.

LEVET, District Judge.

This action for declaratory judgment concerns the ownership of the renewal right in the copyright of a popular song entitled, "When It's Sleepy Time Down South."

Both the corporate plaintiff, Mills Music, Inc. (Mills), and the defendants claim the renewal rights through the plaintiff Clarence Muse, one of three co-authors. Mills alleges its claim arises from an assignment of "all right, title and interest whatsoever," executed by Muse in 1931 to Mills' predecessor in interest and a so-called "confirmatory" agreement of August 13, 1957, specifically directed to the renewal rights. Defendants claim under an agreement executed by Muse in 1951 assigning "all right, title and interest of renewal rights" in the song to the defendant Robert Mellin.

The defendant American Society of Composers, Authors and Publishers (ASCAP) is a nominal defendant and

acts as stakeholder of the income from the public performing rights in the song pending the determination by the court of the ownership of the renewal copyright.

The song is now in its renewal period and neither party challenges the validity of either the original copyright or its renewal.

At the outset is the troublesome question of the court's jurisdiction.

█ At the trial the court raised the issue of jurisdiction on its own motion, as is its duty, Mansfield, C. & L. M. R. Co. v. Swan, 1884, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462, and the defendants, after much vacillation, finally cast their lot as opposing the court's jurisdiction.

There is no diversity of citizenship. The plaintiff Mills and all of the defendants are citizens of the State of New York. City of Indianapolis v. Chase Nat. Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941); Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628 (1924); Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806).

Jurisdiction, if any, must be premised on 28 U.S.C. § 1338(a), which grants exclusive jurisdiction to the federal courts of "any civil action arising under any Act of Congress relating to * * * copyrights."

Under this section, the word "copyright" is not so compelling as to invoke federal jurisdiction upon its mere mention. Congress left a considerable residue of power in the state courts to pass on "copyright questions," including questions involving constructions of the copyright statute, See, e. g., Vidor v. Serlin, 7 N.Y.2d 502, 199 N.Y.S.2d 669, 166 N.E. 2d 680 (1960).

█ The prerequisite for federal jurisdiction is that the suit arise *under* the copyright law. "A suit arises under the law that creates the cause of action."

American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987. The mere fact that a controversy involves a patent or copyright does not give rise to federal jurisdiction. Wells v. Universal Pictures Co., 2 Cir. 1948, 166 F.2d 690, 691; Parissi v. General Electric Co., D.C.N.D. N.Y.1951, 97 F.Supp. 333.

Thus, the federal courts have no jurisdiction over suits to foreclose a copyright mortgage, Republic Pictures Corp. v. Security-First National Bank, 9 Cir. 1952, 197 F.2d 767; or of actions to recover royalties under a copyright license, Danks v. Gordon, 2 Cir. 1921, 272 F. 821; or of a claim of equitable ownership, absent a charge of infringement, with a prayer for an assignment and an accounting, Harrington v. Mure, D.C.S.D.N.Y. 1960, 186 F.Supp. 655; cf. Cresci v. Music Publishers Holding Corp., 210 F. Supp. 253 (D.C.S.D.N.Y.1962); or of an action on a common-law copyright, Wells v. Universal Pictures Co., 2 Cir. 1948, 166 F.2d 690.

The plaintiffs contend that this is an action for copyright infringement.[1] The pre-trial order states, "both parties concede that this is an action for copyright infringement." If it is, there is no doubt that it arises under the copyright law. 17 U.S.C. §§ 101, 112; cf. The Fair v. Kohler Die & Specialty Co., 1913, 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716.

█ Obviously, cases in which the sole issues raised are the validity of the copyright or its infringement are cases arising under the copyright laws. See 17 U.S.C. §§ 101, 112. The more difficult cases are those of a hybrid nature, such as this, in which the plaintiff claims rights under the copyright laws and has alleged infringement of these rights, but in which at least a preliminary question arises unrelated to the copyright laws. Unfortunately, the distinction between cases arising under the copyright law and

1. There is no contention that this suit arises under 17 U.S.C. § 24 relating to renewals. See Fisher v. Edwin H. Morris & Co., D.C.S.D.N.Y.1957, 113 U.S.P.Q. 251.

those which do not, but yet involve a copyright, has not always been clear.

█ The determinative factor appears to be the cause of action alleged in the complaint. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). To this extent "the party who brings a suit is master to decide what law he will rely upon and therefore does determine whether he will bring a 'suit arising under' the patent or other law of the United States by his declaration or bill." The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 411 (1913).

The complaint in this case, after alleging jurisdiction under the copyright law and indicating the residence of the parties, alleges that the song was copyrighted by the authors; that the plaintiff Mills, through mesne assignments, is the owner of the copyright; that these assignments included the renewal rights; that the defendants claim rights under an assignment from the plaintiff Muse and that without consent and against the will of the plaintiffs the defendant ASCAP has licensed and caused to be licensed the public performance of the musical composition.

In their prayer for relief, the plaintiffs demand judgment (1) declaring that the defendants have no right in the renewal copyright and that any claim thereto be declared null and void and of no force and effect; (2) that the defendants be permanently enjoined from infringing and destroying the right, title and interest of the plaintiffs in the renewal copyright, from claiming any right, title or interest therein or exercising or transferring any rights therein; and (3) that the defendants pay plaintiffs damages for infringement of the copyright and for an accounting.

The only reference to infringement is in the prayer for relief. The only portion of the complaint which can be read as charging an act of infringement is paragraph 22, which alleges that the defendant ASCAP, without the plaintiffs' consent, has licensed the public performance rights of the song. No allegation is made that the plaintiffs have given defendants notice of their infringement.

The complaint is, to say the least, inartistically drawn if it is to be construed as alleging an action for copyright infringement. The fact that it is inartistically drawn and that the plaintiffs did not follow Form 17 appended to the Federal Rules of Civil Procedure are not in themselves fatal. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). See also Foman v. Davis, 83 S.Ct. 227.

In Wilson v. Sandford, 10 How. 99, 13 L.Ed. 344 (1850), a case involving a patent, "the object of the bill was to set aside a contract * * *" and to obtain an injunction against the further use of the machine, upon the ground that it was an infringement of the plaintiff's patent rights. The court held that this was not an action arising under the patent laws.

In Luckett v. Delpark, Inc., 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703 (1926), the bill set forth plaintiff's title to certain patents, the creation of certain licenses and an assignment between plaintiff and defendants, the breach of the conditions of these agreements by the defendants and infringement. The prayer for relief asked that title to one patent be reassigned to plaintiff to remove a cloud on his title; that an order issue cancelling the aforementioned agreements; that an accounting be had; and that the defendants be enjoined from further use of the inventions concerned. After reviewing many Supreme Court decisions, the court held on the authority of the Wilson case that the suit did not arise under the patent laws. The court said, 270 U.S. at 510–511, 46 S.Ct. at 402:

"* * * the principle laid down in Wilson v. Sandford [10 How. 99, 13 L.Ed. 344], that where a patentee

complainant * * * asks the aid of the Court in declaring a forfeiture of the license or in restoring an unclouded title to the patent, he does not give the federal district court jurisdiction of the cause as one arising under the patent laws. Nor may he confer it in such a case by adding to his bill an averment that after the forfeiture shall be declared, or the title to the patent shall be restored, he fears the defendant will infringe and therefore asks an injunction to prevent it. * * * "

However, in this circuit the courts have held jurisdiction where the plaintiffs allege they are the equitable owners of the copyright and the defendant the holder of the copyright as trustee ex maleficio. In such cases the courts, as ancillary to the power to adjudicate a claim of infringement, have permitted the plaintiff, as a preliminary matter, to establish the facts as to his ownership interest on which his right to sue for infringement depends. Cohan v. Richmond, 2 Cir. 1936, 86 F.2d 680; compare Wells v. Universal Pictures Co., supra. See also Wooster v. Crane & Co., 8 Cir. 1906, 147 F. 515. Contra, Dill Mfg. Co. v. Goff, 6 Cir. 1942, 125 F.2d 676; Lion Mfg. Corp. v. Chicago Flexible Shaft Co., 7 Cir. 1939, 106 F.2d 930.

In Cohan, the plaintiff, a composer of songs, licensed a publisher and authorized it to copyright the songs on Cohan's behalf. The publisher did but failed to pay royalties. The plaintiff sued, alleging title had reverted to him. As against a challenge on jurisdictional grounds, the court, through Judge Learned Hand, held the allegation that the publisher had taken out the copyrights in plaintiff's behalf was sufficient. It stated, 86 F.2d at 682: "The bill might be read as a suit for infringement, making [the publisher] a party because he held the legal title as trustee, or because he had forfeited it to Cohan."

Whatever exceptions were engrafted by Cohan on the principles enunciated in Luckett v. Delpark, Inc., 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703 (1926), they must be limited to the precise factual situation where a plaintiff alleges he is the equitable owner of a copyright and the defendant the holder of the legal title as trustee ex maleficio.

That is not this case. There is no allegation that the plaintiff is the equitable owner of the copyright. This is simply a declaratory judgment action between one assignee against another assignee of the same one-third interest to determine the ownership of the elusive one-third interest. Of such actions, the federal courts lack jurisdiction. Hoyt v. Bates, C.C.D.Mass.1897, 81 F. 641.

I do not feel compelled to a contrary result by Venus Music Corp. v. Mills Music, Inc., D.C.S.D.N.Y.1957, 156 F. Supp. 753, aff'd 2 Cir. 1958, 261 F.2d 577. In that case involving a declaratory judgment action between two assignees of the same one-third interest, the trial judge questioned how Luckett v. Delpark, Inc., supra, was to be construed today. However, he left the question undecided and passed to the merits. On appeal, his decision was affirmed on the merits without any discussion of the jurisdictional question. " * * * [A] case is only an authority for what it actually decides." W–R Co. v. Sova, 6 Cir. 1939, 106 F.2d 478, 482.

The principal issue in this case is title. As the prayer for relief makes evident, the plaintiff must first obtain title to the copyright as a basis for his right to relief for infringement. The allegation of infringement in this case must be construed as an allegation that the plaintiff, after his title to the copyright has been established, will seek relief from infringement. The primary and controlling purpose of the complaint is to secure an interpretation of the various assignments of the one-third interest. Of such suits the federal courts lack jurisdiction. Luckett v. Delpark, Inc., 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703; Wilson v. Sandford, 10 How. 99, 13 L.Ed. 344; Measurements Corp. v. Ferris Instrument Corp., 3 Cir. 1947, 159 F.2d 590; Lang v. Patent Tile Co., 5 Cir. 1954, 216 F.2d 254; Cincinnati Shoe Mfg. Co. v.

Vigorith, 6 Cir. 1954, 212 F.2d 583; Dill Mfg. Co. v. Goff, 6 Cir. 125 F.2d 676, cert. denied 317 U.S. 672, 63 S.Ct. 77, 87 L.Ed. 540 (1942); Laning v. National Ribbon & Carbon Paper Mfg. Co., 7 Cir. 1942, 125 F.2d 565; Lion Mfg. Corp. v. Chicago Flexible Shaft Co., 7 Cir. 1939, 106 F.2d 930; Leaver v. Parker, 9 Cir. 1941, 121 F.2d 738, cert. denied sub. nom. Leaver v. Citizens National Trust & Savings Bank, 314 U.S. 700, 62 S.Ct. 480, 86 L.Ed. 560 (1942).

The complaint is accordingly dismissed for lack of jurisdiction without prejudice to plaintiffs' right to maintain such other action as they may be advised in the appropriate forum.

Settle judgment on notice in accordance with the foregoing.