**ELAN ASSOCIATES, LTD., Plaintiff,**

v.

**QUACKENBUSH MUSIC, LTD.,
Defendant.**

**No. 71 Civ. 3094.**

United States District Court,
S. D. New York.

March 30, 1972.

Stanley H. Handman, New York City,
for plaintiff.

Bomser & Messing and Maurice
Reichman, New York City, for defendant.

CANNELLA, District Judge.

Defendant's motion to dismiss the complaint for lack of jurisdiction over the subject matter, made pursuant to Rule 12(b) (1) of the Federal Rules of Civil Procedure, is granted.[1]

On July 12, 1971, the plaintiff brought this action in this District Court seeking declaratory and equitable relief for copyright infringement.

The plaintiff asserts that the jurisdiction of this court is properly placed pursuant to 28 U.S.C. § 1338. The court does not agree.

The present controversy between the parties arises from the execution of a contract on May 15, 1968, which provided, *inter alia*, that the plaintiff would enjoy the exclusive right to publish and obtain copyrights on musical compositions written by Carly Simon. At that time, Simon was part owner of the defendant corporation which had been formed to publish and hold copyrights in all songs which she composed.

At various times in 1969 and 1971, the defendant obtained copyrights in seven of Simon's compositions. In May, 1971, Simon apparently discovered for the first time the full extent of the agreement she had signed with the plaintiff. She evidently believed that the agreement only pertained to one particular song. On June 18, 1971, an action was commenced in New York State Supreme Court by the defendant and Simon to void the agreement on the ground of fraud. The plaintiff counterclaimed for damages seeking to uphold the validity of the agreement.

On July 7, 1971, the plaintiff, pursuant to the agreement with Simon, se-

---

1. In view of this disposition, plaintiff's alternative application for a stay of these proceedings pending resolution of state court proceedings is denied as moot.

cured copyrights in the same seven songs previously copyrighted by the defendant.[2] Five days later the plaintiff instituted this action alleging that the defendant is currently infringing these copyrights. Defendant presently seeks to dismiss the action claiming that the suit essentially involves a breach of contract claim wherein no federal claim is stated in the absence of diversity of citizenship.

■ The court finds that it lacks subject matter jurisdiction to determine a claim which essentially involves a dispute as to the ownership rights to copyrights. After an extensive analysis of the various cases which arise under the federal copyright laws, Judge Friendly of this Circuit stated the rule that "an action 'arises under' the Copyright Act *if and only if* the complaint is for a remedy expressly granted by the Act, e. g., a suit for infringement or for statutory royalties for record reproduction, or asserts a claim requiring construction of the act, . . . or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim".[3] T. B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2d Cir. 1964), cert. denied, 381 U. S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965) (citations omitted) (emphasis added). Thus, the federal courts lack jurisdiction to determine questions of title dependent on general common law or equitable principles which must be re-

solved in the appropriate state court. See, e. g., Muse v. Mellin, 212 F.Supp. 315 (S.D.N.Y.1962), aff'd, 339 F.2d 888 (2d Cir. 1964); Cresci v. Music Publishers Holding Corp., 210 F.Supp. 253 (S.D.N.Y.1962).

■ Upon a careful reading of the plaintiff's complaint, the court finds that the principal and controlling issue involved in this action concerns a determination of proper title to the copyrights in Simon's seven songs. The resolution of this dispute ultimately depends upon the validity of the plaintiff's exclusive publishing agreement with Simon, which is presently being litigated in the New York court. In short, although the action is cast in terms of infringement, in reality the suit is merely one to establish valid title by seeking to enforce a contract between an author and a publisher. Therefore, the case is not one which arises under the copyright laws so as to invoke the jurisdiction of this court. See Danks v. Gordon, 272 F. 821 (2d Cir. 1921); cf. Rosenthal & Rosenthal, Inc. v. Aetna Casualty and Surety Company, 259 F.Supp. 624 (S.D.N.Y.1966). See also Luckett v. Delpark, 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703 (1926); American Well Works Co. v. Layne and Bowler Co., 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916).

In view of the foregoing, the defendant's motion to dismiss the complaint for lack of subject matter jurisdiction is hereby granted.

So ordered.

---

2. Apparently, the plaintiff accomplished this by obtaining copies of certain "lead sheets" already registered by the defendant and subsequently registering each song in the name of the plaintiff as an unpublished musical composition. See defendant's supplemental affidavit, p. 2.

3. The cases dealing with statutory jurisdiction over copyrights have taken a conservative line. "[E]xpansion would entail depriving the state courts of any jurisdiction over matters having so little federal significance". T. B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2d Cir. 1964), cert. denied, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965).