FREDERICK FELL PUBLISHERS, INC., Plaintiff,

v.

Harry LORAYNE et al., Defendants.

No. 75 Civ. 3472.

United States District Court, S. D. New York.

Sept. 27, 1976.

---

**13.** Defendants' Exhibit "1–A".

Alfred F. Koller, Jr., New York City, for plaintiff.

Arrow, Silverman & Parcher, P. C., New York City, for defendant Lorayne, by L. Peter Parcher, Howard G. Leventhal, New York City, of counsel.

Greenbaum, Wolff & Ernst, New York City, for defendants Stein & Day, Inc., The Literary Guilding, Book Digest and Ballantine Books, Inc., by Roger Bryant Hunting, Jeremy Nussbaum, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

On May 15, 1956, plaintiff and defendant Harry Lorayne ("Lorayne") entered into an agreement which granted to plaintiff exclusive world publication rights to a memory book to be written by Lorayne. This agreement contained a provision prohibiting Lorayne, without the consent of plaintiff, from participating in the publication of any similar work which would tend to interfere with or injure sales of the book under contract (the "non-competition clause"); and granting plaintiff the right to demand an assignment of the copyright for the purpose of initiating a copyright action. Lorayne's book, entitled "How to Develop a Super-Power Memory," was copyrighted in his name upon publication by plaintiff.

In 1974, Lorayne authored, and defendants Stein & Day, Inc., The Literary Guild, Book Digest and Ballantine Books, Inc. (hereinafter referred to as "Publisher Defendants") published in various forms a book entitled "The Memory Book," copy-

righted in the joint names of Lorayne and defendant Jerry Lucas.

This action was commenced in July, 1975, by the filing of a summons and complaint stating two causes of action. The first cause of action charges Lorayne with breach of contract as a result of writing and causing the publication of "The Memory Book," a similar and competing work, without the consent of plaintiff. The second alleges copyright infringement on the part of all of the named defendants.

Publisher Defendants, joined by Lorayne, have moved to dismiss the complaint for lack of subject matter jurisdiction; alternatively, Lorayne has moved for summary judgment. Lorayne has additionally requested leave to file an amended answer asserting counterclaims, and an order directing Stein & Day to deposit with the Court certain monies representing royalty payments allegedly due him for sales of "The Memory Book."

■ Preliminarily, I note the peculiar procedural posture of this case. An examination of the record reveals that plaintiff is an exclusive licensee and, as such, may sue for copyright infringement as it pertains to its license by joining the copyright proprietor as a plaintiff. *Field v. True Comics, Inc.*, 89 F.Supp. 611 (S.D.N.Y.1950). Only after the owner refuses to so join, but is amenable to process, should the owner be made a party defendant. *Hoffman v. Santly-Joy, Inc.*, 51 F.Supp. 779 (S.D.N.Y.1943).

Although there is no allegation that Lorayne was requested to join as a plaintiff and refused, it is clear that his interests in this controversy are sufficiently adverse to plaintiff's to warrant his being named as a defendant in the first instance. *See Field v. True Comics, Inc., supra.*

■ Under 28 U.S.C. § 1338(a) federal jurisdiction is limited to cases "arising under" the Copyright Act. Publisher Defendants contend that the instant controversy, in its entirety, is essentially an action for breach of contract, which, in the absence of diversity, must fail.[1] Taking plaintiff's allegations as true, which I must on a motion to dismiss, *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969), the complaint alleges that "The Memory Book," published by defendants, contains substantial paraphrasing and verbatim copying of "How to Develop a Super-Power Memory," the subject of plaintiff's license. Such assertions are sufficient indicia of copyright infringement so as to warrant a finding of subject matter jurisdiction.[2]

Publisher Defendants additionally assert, however, that the complaint must fail since plaintiffs have not alleged compliance with the statutory copyright registration and deposit requirements. *See* 17 U.S.C. § 13. Failure to comply bars suit and failure to allege compliance renders the complaint defective; but if the requirements have in fact been met, the defect can be cured by an amendment relating back to the com-

---

1. Publisher Defendants' seeming contention that copyright infringement is not possible in a situation in which the copyright proprietor himself wrote and granted the publication rights to the allegedly infringing work is one addressed to the merits and not to the threshold question of jurisdiction. In *Ferrara v. Rodale Press, Inc.*, 54 F.R.D. 3 (E.D.Pa.1972), an exclusive licensee brought a copyright infringement action against the publisher of a book written by the copyright owners, asserting that such book was based on material in and copied from a prior book written by the owners and published by the licensee. In denying a motion to dismiss for failure to join indispensable parties, the Court stated at pp. 6–7:

"We are not insensitive to defendant's assertion that an author's right to write books on the subject-matter within his field of expertise should not be restricted. . . . However, the sole issue in this case is whether defendant . . . has published a book in which a material and substantial portion has been copied from the copyrighted book so as to constitute an infringement under the copyright laws of the United States. This question is one to be resolved on the merits."

2. Given a colorable copyright infringement claim, which by its nature "arises under" the Copyright Act, this Court has the incidental power to decide the related contract claim against Lorayne under the doctrine of pendent jurisdiction.

mencement of the action. *Roth Greeting Cards v. United Card Co.,* 429 F.2d 1106 (9th Cir. 1970); *Charron v. Meaux et al.,* 60 F.R.D. 619 (S.D.N.Y.1973). Although plaintiff's complaint alleges that the book published by defendants "infringes . . . upon the copyrights held by defendant, Lorayne, and granted by contract to plaintiff," (¶ 19), it fails to expressly recite compliance with the deposit and registration requirements. Although a mere technicality under the circumstances, such recitation is jurisdictionally required. The motion to dismiss is therefore granted without prejudice to plaintiff's filing an amended complaint within twenty days of the filing of this order, at which time the dismissal may be vacated.

In anticipation of such amendments, I turn to a consideration of Lorayne's pending motion. In support of the motion for summary judgment, Lorayne has submitted a copy of an agreement dated April 15, 1964 between himself, plaintiff and Executive Research Institute, Inc. ("ERI"), a mail order seller. This agreement purports to grant to ERI the right to publish three other works naming Lorayne as author, and to modify and assign to ERI the non-competition clause. Lorayne contends that this agreement constitutes a waiver of plaintiff's contractual rights against him with respect to subsequent publications. Plaintiff does not dispute the execution of this agreement, but rather asserts that the parties did not intend to reduce plaintiff's rights with respect to the "How to Develop a Super-Power Memory" publishing arrangement except "for the limited purpose of allowing ERI to publish a mail order edition" of the work. (¶ 6, Aff. of Charles Nurnberg). It points to the language of the eleventh paragraph of the April 15, 1964 agreement, which states that "FELL'S contracts with LORAYNE for the publishing of HOW TO DEVELOP A SUPER-POWER MEMORY . . . except as hereinbelow stated, [with respect to the noncompetition clause], shall remain in full force and effect," as evidence of this contention. Accordingly, I find that a triable issue of fact is presented as to the meaning of this agreement so as to preclude a grant of summary judgment in favor of Lorayne.

Lorayne also moves to amend his answer to include counterclaims for royalties, an accounting, a declaration terminating the agreement with plaintiff, and damages for defamation in connection with this action. In view of the liberal construction given Rule 15(a), F.R.Civ.P., which states that leave to amend "shall be freely given when justice so requires," *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), and the fact that no discovery has yet commenced, leave to amend will be granted. Plaintiff has asserted no prejudice as a result of this amendment, and, in any event, plaintiff's rights may be adequately protected by a subsequent motion to dismiss.

Finally, Lorayne's motion to compel co-defendant Stein & Day, pursuant to Rule 67, F.R.Civ.P. to deposit with the Court certain monies representing royalties allegedly due Lorayne on "The Memory Book," must be denied. It is the undisputed allegation that Stein & Day has the contractual right to withhold these royalties. Since no crossclaim has been asserted by Lorayne against Stein & Day, these monies are not in dispute and, therefore, Rule 67 is inapplicable.

Defendants' motion to dismiss is granted without prejudice to plaintiff's filing an amended complaint in accordance with this opinion within twenty days from the filing of this order. In the event plaintiff so amends, the dismissal shall be vacated and an order in conformance with the balance of this opinion may be then settled.

SO ORDERED.