**Michael J. TOPOLOS,
Plaintiff-Appellant,**

v.

**Jeffrey CALDEWEY, an individual dba Vintage Image, Robert Titus, Richard Paul Hinkle, an individual and Does I through M, Defendants-Appellees.**

**No. 80–4443.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 1982.

Decided Feb. 8, 1983.

John M. Tomberlin, Santa Rosa, Cal., for plaintiff-appellant.

Ronald T.L. Young, Coombs & Dunlap, Napa, Cal., for defendants-appellees.

Before FLETCHER, POOLE and CANBY, Circuit Judges.

POOLE, Circuit Judge:

Appellant Michael J. Topolos, the co-author[1] of a book on Napa Valley wineries, appeals the district court's dismissal of his action against Jeffrey Caldewey, Robert Titus and Richard Paul Hinkle for copyright infringement, unfair competition and breach of contract. The district court dismissed the action for lack of subject matter jurisdiction, finding that although Topolos' claim was framed as one for copyright infringement it did not "arise under" the copyright laws within the meaning of 28 U.S.C. § 1338(a). In this appeal Topolos contends that federal jurisdiction lies because the primary and controlling issue in his action is copyright infringement, even though the district court must incidentally resolve the question of the ownership of the copyright.

We hold that Topolos' claim arises under the Copyright Act within the meaning of 28 U.S.C. § 1338(a). The action is thus within the exclusive jurisdiction of the federal courts and we reverse the judgment dismissing the case.

## I. FACTS

In 1974, appellant Topolos entered into a publishing contract with appellees Caldewey (then doing business as Vintage Image) and Titus.[2] The contract gave Vintage Image the exclusive right to publish a book on Napa Valley wineries written by Topolos and his co-author. In return, Topolos was to receive royalty payments. The contract specified that Vintage Image was to copyright the book in Topolos' name or in its own name if Topolos so chose. Thereafter Vintage Image copyrighted the book, titled *California Wineries Volume One, Napa Valley,* in its own name. The copyright has since been in the name of Vintage Image.

Topolos' work, originally published by Vintage Image in 1974, was revised or expanded periodically. It was published under the titles *California Wineries Volume One, Napa Valley* in 1975, and *Napa Valley Wine Tour* in 1977 and 1978. Each edition listed Topolos as an author and he continued to receive royalties from sales of the book; but each also listed Vintage Image as copyright holder.

In 1979, Vintage Image published another book on Napa Valley wineries. The book, titled *Napa Valley Wine Book,* listed appellee Hinkle as both author and copyright holder. In August 1979, Topolos wrote to Vintage Image claiming that both the 1978 revised edition, *Napa Valley Wine Tour,* and the 1979 book by Hinkle, *Napa Valley Wine Book,* infringed his copyright in his original book.

In April 1980, Topolos sued in district court seeking damages and injunctive relief for statutory copyright infringement, unfair competition and breach of contract. The district court refused Topolos' request for preliminary injunction and on July 28,

---

1. Topolos' co-author is not a party to this action.

2. Vintage Image was incorporated under the laws of California in 1975, but the corporation was not joined as a party to this action.

1980, dismissed for lack of subject matter jurisdiction, finding that the principal and controlling issue in Topolos' claim was the ownership of the copyright. Since resolving the copyright ownership issue required determining the rights and obligations arising under the publishing contract between Topolos and Vintage Image, the district court concluded that the case arose under state law rather than under the copyright laws and that it therefore lacked jurisdiction.

Topolos filed a timely appeal, claiming that he is beneficial owner of the copyright and so has standing to protect it against infringement. He also contends that the federal court had jurisdiction to determine contractual rights between litigants as state law issues pendent to substantive copyright questions.

## II. ANALYSIS

■ The federal courts have exclusive jurisdiction over actions that arise under the federal copyright laws. 28 U.S.C. § 1338(a). However; a case does not arise under the federal copyright laws, embodied in Title 17 of the United States Code, merely because the subject matter of the action involves or affects a copyright. "Under this section [28 U.S.C. § 1338(a)], the word 'copyright' is not so compelling as to invoke federal jurisdiction upon its mere mention." *Muse v. Mellin*, 212 F.Supp. 315, 316 (S.D.N.Y.1962), *aff'd*, 339 F.2d 888 (2d Cir.1964). For instance, federal courts do not have jurisdiction over a suit on a contract simply because a copyright is the subject matter of the contract. *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 826 (2d Cir.1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1530, 14 L.Ed.2d 435 (1965); *Wells v. Universal Pictures Co.*, 166 F.2d 690, 691 (2d Cir.1948); *Stepdesign, Inc. v. Research Media, Inc.*, 442 F.Supp. 32, 33 (S.D.N.Y.1977); *Muse*, 212 F.Supp. at 316; 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3582 (1975).

An often-repeated rule of federal copyright jurisdiction was first offered in *Harms* by Judge Friendly, who wrote that an action "arises under" the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproduction ... or asserts a claim requiring construction of the Act, ... or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.

339 F.2d at 828. But although applying these principles may seem simple, courts have had difficulty in cases where a plaintiff claims not only infringement of rights under the copyright laws but also raises preliminary legal issues of contract under state law.

The district court in this case dismissed Topolos' claim because it found that it did not arise under the copyright laws. The court concluded that the "true thrust" of Topolos' action was resolution of the ownership of the copyright, which required a determination under state law of the rights and obligations arising under the publishing contract.

■ Generally, courts decide whether a case arises under the copyright laws by focusing on the nature of the principal claim asserted by the plaintiff. As the district court summarized in *Royalty Control Corp. v. Sanco, Inc.*, 175 U.S.P.Q. 641, 642 (N.D.Cal.1972):

If that claim involves copyright infringement or other matter directly related to the interpretation and enforcement of the Copyright Act, jurisdiction has been upheld. On the other hand, where it has been determined that the claim is essentially for some common law or state-created right, most generally for a naked declaration of ownership or contractual rights, jurisdiction has been declined, even though the claim might incidentally involve a copyright or the Copyright Act.

Courts have directed inquiry to what they have variously described as the "primary and controlling purpose" of the suit, the "principal issue," the "fundamental controversy," and the "gist" or "essence" of the plaintiff's claim. *Wooster v. Crane & Co.*, 147 F. 515, 516 (8th Cir.1906); *Rotardier v. Entertainment Co. Music Group*, 518

F.Supp. 919, 921 (S.D.N.Y.1981); *Keith v. Scruggs,* 507 F.Supp. 968, 970, 971 (S.D.N.Y. 1981); *Stepdesign,* 442 F.Supp. at 34; *Elan Associates, Ltd. v. Quackenbush Music, Ltd.,* 339 F.Supp. 461, 462 (S.D.N.Y.1972).

■ However, the district court erred in concluding it lacked jurisdiction over such actions for infringement because it was first required to resolve a threshold question of copyright ownership which in turn called for interpretation of a contract. The district court held that even though Topolos alleged copyright infringement dismissal was compelled by the principles enunciated in *Elan* for the reason that here, as in *Elan,* the "principal and threshold" issue to be resolved was ownership of the copyright.

In our opinion the district court erred in applying *Elan,* for unlike that case and its predecessor *Harms,* 339 F.2d 823, ownership of the copyright is a threshold question but is not the principal question here.

■ In an action for infringement plaintiff necessarily must establish ownership of a valid copyright and copying by the defendant. *Warner Bros., Inc. v. ABC, Inc.,* 654 F.2d 204, 207 (2d Cir.1981); *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.,* 558 F.2d 1090, 1092 (2d Cir.1977). Ownership of the copyright is therefore always a threshold question. Only when such ownership is the sole question for consideration are federal courts without jurisdiction. In *Elan,* although copyright infringement was alleged, the determination of infringement automatically followed upon decision of the ownership question.[3] No independent determination of infringement had to be made. In this case, however, after ownership of the copyright is decided the court must still resolve the issue whether two books published by Vintage Image infringe any copyright in which Topolos has beneficial ownership. That question properly belongs to a federal court, since it requires an examination of the works, extent of the copying involved, and an application of the Copyright Act.

The circumstances of this case more resemble *Wooster* than *Elan.* In *Wooster,* a publisher claimed equitable ownership of the copyright in arithmetic books authored by the defendant, who held legal title. The publisher contended that the author subsequently wrote additional books incorporating materials out of the works covered by the publisher's equitable copyright. The Eighth Circuit held that the publisher had standing to maintain its action for infringement in federal court even though it claimed equitable title to the copyrights pursuant to a contract with the offending author. The *Wooster* court explained:

> A suit, the primary and controlling purpose of which is to enforce a right secured by the copyright laws which is being infringed by the defendants, is a suit under those laws, and within the jurisdiction of the federal Circuit Courts, although it incidentally draws in question the validity, interpretation and effect of a contract through which the complainant derives title .... The contract is set forth for the purpose of showing the complainant's title, and not as the basis or foundation of the suit.

147 F. at 516.

■ The beneficial owner of a copyright must allege infringement, but thereafter, as a preliminary matter, he is entitled to establish the facts supporting his claim of beneficial ownership, even though that may require interpretation of a contract. *Wooster,* 147 F. at 516; *Fell Publishers Inc. v. Lorayne,* 422 F.Supp. 808, 810 n. 2 (S.D. N.Y.1976); *Muse,* 212 F.Supp. at 318; 3 M. Nimmer, *Nimmer on Copyrights* § 12.01[A], pp. 12–6 to 12–7 (1982).

Topolos has fulfilled those requirements necessary for federal jurisdiction. He al-

---

3. In *Elan,* the plaintiff and defendant both claimed that they owned the copyright in seven songs composed by Carly Simon. The plaintiff claimed title pursuant to an exclusive publishing agreement with Simon. The terms of the agreement were disputed by the defendant, a corporation which had been formed to publish and hold copyrights to Simon's compositions. The court held that it lacked subject matter jurisdiction to determine the claim because essentially the dispute was who owned the copyrights. Although the action was cast in terms of infringement, the court said "in reality the suit is merely one to establish valid title by seeking to enforce a contract between an author and a publisher." 339 F.Supp. at 462.

leged that pursuant to his publishing contract Vintage Image took out and held in his behalf the copyright to works which he had co-authored, thus establishing him as beneficial owner of the copyright. By itself, that allegation would not give rise to federal jurisdiction, but Topolos also contended that without credit, attribution, payment of royalties or other recognition of his rights Caldewey, Titus and Hinkle infringed his copyright by publishing books which in substantial part copied the book originally written by him. These latter allegations are sufficient to confer subject matter jurisdiction on the district court. *Cohan v. Richmond,* 86 F.2d 680 (2d Cir.1936); *Bisel v. Ladner,* 1 F.2d 436 (3d Cir.1924); *Wooster,* 147 F. 515; *Fell Publishers,* 422 F.Supp. 808; *Muse,* 212 F.Supp. 315. Topolos may fail in proof of those allegations but the record thus far is sufficient to invoke federal jurisdiction.

Thus, the district court erred in dismissing Topolos' action for lack of subject matter jurisdiction. Accordingly, the judgment of dismissal is reversed and the case remanded for further proceedings.

REVERSED.