**Bernard FRANKLIN and Judith Franklin, Plaintiffs,**

v.

**CANNON FILMS, INC., Henry Weinstein, Weinstein/Skyfield Productions, Robert Whitmore, and Does 1–20, Defendants.**

**No. CV 86–5892 PAR.**

United States District Court, C.D. California.

Feb. 18, 1987.

Dennis Ardi, Tenenbaum & Ardi, Los Angeles, Cal., for plaintiffs.

Louis P. Petrich, Daniel M. Mayeda, Leopold, Petrich & Smith, Los Angeles, Cal., for defendant—Cannon Films, Inc.

Gretchen M. Nelson, Morgan, Wenzel & McNicholas, Los Angeles, Cal., for defendants—Henry Weinstein, Weinstein/Skyfield Productions, Inc., and Robert Whitmore.

## MEMORANDUM OF DECISION AND ORDER

RYMER, District Judge.

This case stems from the production and distribution of the motion picture "Runaway Train." Plaintiffs brought this action for copyright infringement, fraud, and breach of contract.

The complaint alleges that, pursuant to the terms of a "deal memorandum" executed by the parties, plaintiffs invested $25,000 in the screenplay which subsequently evolved into the movie itself. In return, plaintiffs assert that they obtained exclusive home video rights in the picture produced by defendants. Plaintiffs also would recoup their investment at 12% interest per year and receive 1% of the film's net profits. Defendants sold all their rights, title, and interest in the picture to Cannon, which later transferred its interest to MGM/UA. Plaintiffs allege that this assignment from WSP to Cannon violates federal copyright laws. Jurisdiction is premised on 28 U.S.C. § 1338 which confers federal jurisdiction upon any claim arising under the copyright laws.

Both Cannon and WSP have filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Defendants contend that this Court lacks jurisdiction because plaintiff's complaint does not "arise under" the copyright laws and fails to allege any legally cognizable violation of the Copyright Act. Furthermore, defendants contend that plaintiffs lack standing to sue because the deal memo does not confer exclusive rights on plaintiffs necessary for plaintiffs to maintain a copyright action. Thus, defendants contend that, at best, plaintiffs have a state law claim for breach of contract.

The deal memorandum provision governing the home video rights states:

WSP shall license the distribution of video cassettes and video discs in the PROJECT to FRANKLIN and/or their assignees. Said distribution shall be on a fifteen percent (15%) of wholesale sales price royalty basis with no advance to be paid. WSP shall use their best efforts to obtain for FRANKLIN the video cassettee and video disc distribution rights in all other foreign territories. The terms and conditions of the Video Rights Agreement shall be negotiated in good faith between the parties. Deal Memorandum ¶ 4.

■ This Court does not have jurisdiction over an action merely because it involves in some way a copyright, *Topolos v. Caldeway*, 698 F.2d 991 (9th Cir.1983) or simply because a copyright is the subject matter of the contract. *Topolos, supra; T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir.1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965); *Bear Creek Productions, Inc. v. Saleh*, 643 F.Supp. 489, (S.D.N.Y.1986). Instead, the "gist," "essence" or "principal issue" must be the copyright determination. *Topolos*, 698 F.2d 991, 993. In reversing the district court's dismissal of plaintiff's copyright infringement action, *Topolos* recognized that distinctions between cases which "arise under" the copyright act and those which primarily involve questions of ownership under state contract law are often difficult to make, but also noted that where, as here, the claim is essentially for a naked declaration of ownership or contractual rights, jurisdiction is most often declined. *Id.* at 993 (quoting *Royalty Control Corp. v. Sanco, Inc.*, 175 U.S.P.Q. 641, 642 (N.D. Cal.1972). Ownership of a copyright will always be a threshold question in cases arising under the copyright act; however, "when such ownership is the *sole* question for consideration ... federal courts [are] without jurisdiction." *Id.* at 994 (emphasis added). Unlike *Topolos*, where jurisdiction was found proper because the action required "an examination of the works, extent of the copying involved, and an application of the Copyright Act," *Id.* at 994, the pleadings here bring this case within the rule of *Elan Associates, Ltd. v. Quackenbush Music, Ltd.*, 339 F.Supp. 461 (S.D.N.Y.1972). In *Elan*, the plaintiff claimed that it owned the rights to seven Carly Simon songs because it had an exclusive publishing agreement. The court held that

"the suit is merely one to establish valid title by seeking to enforce a contract between an author and a publisher." *Id.* at 462. Where the copyright infringement follows "automatically" after determining the ownership question, the federal court is without jurisdiction. *Topolos, supra,* at 994.

Resolution of the instant dispute does not involve comparison or construction of the copyrighted work. Nor is there any need to interpret the Act. *See, Berger v. Simon & Schuster,* 631 F.Supp. 915, 917 (S.D.N.Y.1986). Instead, the question is whether plaintiffs gained ownership of the home video rights through the deal memorandum and whether defendants improperly transferred those rights to others. Like *Elan,* this case requires interpreting the contract, not examining the works for copyright infringement.

As an alternate reason for dismissal, defendants argue that the deal memo does not confer upon plaintiffs exclusive ownership rights which are necessary for standing to maintain a federal action for copyright infringement. 17 U.S.C. § 501(b); 3 Nimmer on Copyright § 10.02(B)(1). Defendants contend that, on its face, the deal memo only grants plaintiffs nonexclusive distribution rights for the picture or a promise to negotiate in good faith and does not confer any ownership rights upon plaintiffs. Although this appears to be the case, *see, e.g.,* 3 Nimmer, *supra* § 12.02; *Swarovski America Ltd. v. Silver Deer Ltd.,* 537 F.Supp. 1201 (D.Colo.1982); *Hampton v. Paramount Pictures Corp.,* 279 F.2d 100, 103 (9th Cir.), *cert. denied,* 364 U.S. 882, 81 S.Ct. 170, 5 L.Ed.2d 103 (1960); *Ilyin v. Avon Publications,* 144 F.Supp. 368, 373–74 (S.D.N.Y.1956), cf. *Followay Productions, Inc. v. Maurer,* 603 F.2d 72 (9th Cir.1979), in light of the conclusion that federal jurisdiction is lacking, it is unnecessary to reach this question.

Finally, given the status of the action and the predominantly state-law nature of the claims asserted, to exercise pendent jurisdiction is inappropriate. "When federal claims are dismissed before trial, the question whether pendent state claims should still be entertained is within the sound discretion of the district court." *Schultz v. Sundberg,* 759 F.2d 714, 718 (9th Cir.1985). Generally, under such circumstances the court should dismiss the pendent claims. *Id.* Retaining the pendent claims in this case will not further any federal interests. The action has been in this Court for only a few months and the case is still in its early stages. Neither the interests of judicial economy or convenience will be served, nor will entertaining these claims promote fairness to the parties.

Therefore, it is ordered that:

1. The copyright claim is dismissed for lack of jurisdiction, as not arising under the copyright laws.

2. All remaining, pendent claims are dismissed for lack of jurisdiction.