Thomas W. MCCORMICK, as Trustee and on behalf of the Unity Family Trust, dated August 10, 1999; F.C. Sands; C. Sands, Plaintiffs—Appellants,

v.

AMIR CONSTRUCTION INC., a California corporation Euroconcepts, Inc., a California corporation; Daniel Elihu an individual; Parviz Elihu, an individual; Albert Elihu, an individual; Joseph Elihu, an individual; Mehran Shahverdi an individual d/b/a MSH Design; MSH Design, Inc., a California corporation; William Hablinski Architecture, a California general partnership; William Hablinski, an individual, Defendants—Appellees.

No. 06–56486.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2008.*

Filed May 19, 2008.

Wendy C. Lascher, Esq., Lascher & Lascher, Ventura, CA, Bruce A. Armstrong, Lynberg & Watkins, Los Angeles, CA, for Plaintiffs–Appellants.

Richard R. Spirra, Esq., Richard P. Sybert, Esq., Craig Mariam, Esq., Gordon & Rees, LLP, San Diego, CA, Stephen R. Mick, Esq., Akin Gump Strauss Hauer & Feld, LLP, Gary J. Lorch, Esq., Gordon & Rees, Gary L. Bostwick, Esq., Bostwick & Jassy LLP, Los Angeles, CA, John Tehranian, Esq., Peter R. Afrasiabi, Esq., Turner Green Afrasiabi & Arledge, LLP, Costa Mesa, CA, Peter J. Bezek, Foley Bezek Behle & Curtis, LLP, Santa Barbara, CA, for Defendants–Appellees.

Before: NOONAN, W. FLETCHER, and GOULD, Circuit Judges.

MEMORANDUM **

Thomas McCormick, as Trustee on behalf of the Unity Family Trust, F.C.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Sands, and C. Sands (collectively, "Sands") appeals the district court's dismissal of a suit for lack of standing and subject matter jurisdiction. Sands alleges that the defendant-appellees, William Hablinski ("Hablinski") and Amir Construction Company, et al. ("Amir") violated the Sands' exclusive copyright license to build a unique home designed by Hablinski. The district court determined that all the copyrights to the design were held by Hablinski, that Sands therefore lacked standing to allege copyright infringement, and that the court did not retain jurisdiction over the remaining state law claims. We review the district court's dismissal for lack of standing and subject matter jurisdiction de novo, *Rattlesnake Coalition v. U.S. E.P.A.*, 509 F.3d 1095, 1100 (9th Cir.2007), and affirm.

Sands hired Hablinski in January 2000 to provide professional architectural services to Sands for the construction of a luxurious private home in Bel–Air Place, California. Sands and Hablinski entered a written agreement containing the details of their relationship. Section 9.2 of that agreement discusses the ownership of the intellectual property created during the design of the home. It provides:

> The drawings, specifications, and documents prepared by the Architect [Hablinski] for this Project are instruments of the Architect's service for use solely with respect to this project and the Architect shall be deemed the author of these documents and shall retain all the copyrights thereto. The Owner [Sands] shall be permitted to retain copies, including reproducible copies of the Architect's drawings, specifications, and documents for information and reference in connection with Owner's use and occupancy of the Project. The Architect's drawings, specifications and documents shall not be used by the Owner or Others on other projects, for additions to this project, or for completion of this

project by others unless the Architect is adjudged to be in default under this agreement, except by agreement in writing and with appropriate compensation to the Architect. [There are additional limitations on how the Owner may use the drawings, specifications, and documents.]

After Sands discovered the construction of a nearly-identical home, Sands filed the complaint that led to this appeal, alleging copyright infringement and state-law claims relating to the contract between Hablinski and Sands.

Under the Copyright Act, 17 U.S.C. § 501(b), "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled ... to institute an action for any infringement of that particular right committed while he or she is the owner of it." *Id.* Section 501(b) grants standing to sue under the Copyright Act only to one owning a copyright. *See Silvers v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881, 885 (9th Cir.2005) (holding that only parties holding ownership of a copyright have standing to sue under 17 U.S.C. § 501(b)). Sands argues that Section 9.2 of the agreement with Hablinski granted Sands an exclusive license for the use of the architectural plans, and that this exclusive license satisfies the ownership requirement for standing. Hablinski responds that the unambiguous terms of the agreement gave Hablinski "all copyrights" to the design, eliminating the possibility that Sands held an exclusive license.

The Copyright Act requires that copyright transfers be done in writing. 17 U.S.C. § 204. *See also Effects Assoc., Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir.1990) ("Most importantly, section 204 [the requirement of a writing] enhances predictability and certainty of copyright ownership—'Congress' paramount goal' when it revised the Act in 1976." (internal citation

omitted)). There is only one relevant writing: the agreement between Sands and Hablinski.

That document did not transfer an exclusive license from Hablinski to Sands for the design of the Sands' home. The relevant section of the agreement, Section 9.2, states that Hablinski "shall be deemed the author of these documents and shall retain *all the copyrights* thereto" (emphasis added). This straightforward language forecloses Sands' argument.

Sands' responses do not alter our conclusion. Sands correctly argues that an exclusive license is divisible from other copyrights, so Hablinski could have transferred an exclusive license to Sands while still retaining the other copyrights. However, the provision of section 9.2 giving Hablinski "all the copyrights" is inconsistent with the transfer of an exclusive license, and even without that language, Sands' argument that 9.2 transferred an exclusive license does not convince us because nothing in that section says any such thing.

Sands also argues that section 9.2 includes a promise by Hablinski not to use the plans from the Sands residence to make other homes, and that that promise conveyed an exclusive license. However, the agreement does not convey to Sands any right to do anything with the plans without consent of, default by, or payment to Hablinski, and does not give Sands a copyright of any sort. Sands' reliance on extrinsic evidence fares no better. The clause giving Hablinski "all the copyrights" is not reasonably susceptible to the interpretation that Sands urges, which is that Hablinski has "all the copyrights" except for an exclusive license to actually use the

architectural plans. Therefore, the district court properly dismissed Sands' suit.[1] "[F]ederal courts do not have jurisdiction over a suit on a contract simply because a copyright is the subject matter of the contract." *Topolos v. Caldewey,* 698 F.2d 991, 993 (9th Cir.1983).

AFFIRMED.

---

1. The district court dismissed plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(1). We believe that a dismissal under Rule 12(b)(6) may have been the more appropriate basis for dismissal under 17 U.S.C. § 501(b), but this issue was not raised by the parties and appears, in the circumstances of this case, not to make a practical difference to the parties. Accordingly, we need not consider the issue.